Raul Flores CASTILLO, Appellant,

v.

The STATE of Texas, Appellee.

No. 46277.

Court of Criminal Appeals of Texas.

May 23, 1973.

Rehearing Denied June 13, 1973.

Joseph J. Rey, Jr., El Paso, for appellant.

Steve W. Simmons, Dist. Atty., Gary Weiser, Asst. Dist. Atty., El Paso, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

The conviction is for the offense of burglary. Punishment was enhanced under Article 63, Vernon's Ann.P.C., and appellant was assessed a life sentence.

Appellant lists seven grounds of error, several of which overlap. He first alleges error in that he was allowed to refer only to the first part of the indictment, and the court instructed him to refrain from informing the jury of the effect of his two prior felony convictions. Appellant argues that if the jury had been made aware of the mandatory life sentence upon a verdict of guilty, they would have been less likely to resolve the evidence against him.

■ The trial court did not err. Article 36.01, § 1, of the Texas Vernon's Ann. Code of Criminal Procedure leaves no doubt that the enhancement portion of an indictment is to be read *only* at the hearing on punishment, unless the reading of the prior convictions is jurisdictional. This rule applies with equal force to both the accused and the State. We overrule appellant's contention. See also, Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L. Ed.2d 606 (1967), rehearing denied, 386 U.S. 969, 87 S.Ct. 1015, 18 L.Ed.2d 125 (1967).

■ Appellant's next grounds relate to an alleged illegal arrest and seizure of evidence. Prior to the beginning of testimony, defense counsel made an oral "motion in limine" to suppress the introduction of the shirt appellant was wearing when arrested, as well as all statements made by him and his co-defendant. The court overruled the motion. The record reflects that defense counsel did not attempt to take the arresting officers on voir dire before such evidence was admitted. In fact, no objection to the evidence seized or to the statements of the accused was even voiced until *after* the introduction of such evidence. Then appellant made a motion to suppress. Such objection came too late.

Regardless, all such evidence was properly admitted. The record reflects that in July of 1971, El Paso police officers were patroling an alley at approximately 12:35 a. m.; they observed an automobile parked near the alley. There had been several burglaries in the area recently. Two men were seen exiting the alley, walking at a rapid pace toward the parked vehicle.

That car drove off and the officers followed. They soon stopped the car and sought identification. Appellant and his companion were perspiring heavily, their clothing was very dirty and appeared to be bloodstained. The two men gave conflicting stories as to their reason for being near the alley. A police unit was dispatched back to the alley and the officers discovered a side of beef, still cold, an adding machine and a calculator, all on one side of the alley. The back door to a meat company had been forced open. Appellant and his companion were arrested.

■ Clearly, under Article 14.03, V.A.C.C.P., the appellant was legally apprehended. The evidence recovered, consisting of appellant's clothing worn at that time, was admissible.[1]

■ Appellant further argues that evidence was admitted erroneously because of an alleged delay in warning appellant of his rights. The record fails to reflect any such objection at trial. Nothing is presented for review.

■ Appellant also complains that a pair of sandals worn by his companion should not have been allowed into evidence, since no proper predicate had been laid. Appellant's only objection at trial was that such evidence was "hearsay" as to him. See Salas v. State, 486 S.W.2d 956 (Tex.Cr.App.1972). Nevertheless, the trial judge, on his own motion, instructed the State to lay the proper predicate before allowing the evidence to be introduced. This was done. No error is shown.

■ Appellant's final ground states that since a certain State's witness was not cross-examined, the court erred in permitting the witness to be recalled for more questioning by the State. No authorities are cited. Appellant's contention is wholly without merit, and he does not argue how he was harmed in any way. A trial court can allow testimony to be introduced at any time before the argument of a cause is concluded, if it appears that it is necessary to a due administration of justice. Article 36.02, V.A.C.C.P.; Northcutt v. State, 478 S.W.2d 935 (Tex.Cr.App.1972).

The judgment is affirmed.

1. No claim is made that the automobile was searched.