Clyde **HOUSTON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46189.

Court of Criminal Appeals of Texas.

June 6, 1973.

Rehearing Denied July 3, 1973.

William Drew Perkins, Lufkin, for appellant.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

### OPINION

JACKSON, Commissioner.

Appellant was convicted by a jury on a plea of not guilty of the sale of a narcotic drug, to-wit, marihuana; the punishment, by the jury, ten (10) years.

The sufficiency of the evidence is not challenged.

By his first ground of error appellant urges that the court erred in not granting his motion in limine to instruct the State's attorney not to inform the jury panel that appellant had filed a motion for a probated sentence.

■ The jury was selected both to determine guilt or innocence and in the event of conviction, to decide upon appropriate punishment and upon the question of probation. The only chance either the State or the defense had to interrogate the prospective jurors on their prejudice or attitude towards probation was on voir dire. It was obviously proper to permit such examination. White v. State, Tex.Cr.App., 478 S.W.2d 506.

We overrule appellant's first ground of error.

■ The second ground of error advanced by appellant is that the trial court erred in failing to grant a mistrial because a newspaper article, published after the selection of the jury and prior to the trial, was calculated to inform the jury of appellant's previous trial and conviction.

The jury was selected on Tuesday and was excused until the following Monday, which was on October 26, 1971. On October 21, 1971, there appeared in the Lufkin News an article reciting that the second trial of appellant on dope charges was to be held the following week; that he had been previously tried and there was a mistrial because of a technicality. The article was on page 9 of the newspaper and was 3 by 2 inches in size. It did not say that appellant was convicted on the former trial. The motion for mistrial was heard on the day before the actual trial began. None of the jurors was asked if they read or heard of the article, either on the motion for mistrial or on motion for new trial after the verdict.

Therefore, the record does not reveal that the newspaper article in question ever found its way into the jury box or had any influence on any individual juror, or that appellant suffered any harm from it. Flores v. State, Tex.Cr.App., 472 S.W.2d 146; Bowling v. State, Tex.Cr.App., 438 S.W.2d 930.

We overrule appellant's second ground of error.

We find no reversible error and affirm the judgment.

Opinion approved by the Court.