Jesus Ovalles MARTINEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 61547.

Court of Criminal Appeals of Texas,
Panel No. 2.

Nov. 7, 1979.

Martin Underwood, court appointed, Comstock, Roy E. Greenwood, Austin, for appellant.

Thomas F. Lee, Dist. Atty., Del Rio, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

## OPINION

CLINTON, Judge.

This is an appeal from a conviction for the offense of burglary of a habitation wherein the jury assessed appellant's punishment, enhanced by one prior felony conviction, at confinement in the Texas Department of Corrections for a term of twenty years.

At the outset appellant contends that the trial court erred in denying him an opportunity to voir dire the jury panel on the full range of punishment in that the trial court overruled his motion to inform the jury panel of the range of punishment applicable to an offense which is enhanced by one prior felony conviction. We agree and, accordingly, reverse the judgment below.

The record reflects that appellant filed a pretrial motion denominated "Motion Giving Notice of Defendant's Intent to Inform Jury Panel on Voir Dire of Range of Punishment," which provided in pertinent part:

"Both the State and the Defendant have a right to question prospective jurors as to their ability to consider the full range of punishment. The range of punishment provided in the event the State proves the allegations of this indictment is from 15 years to 99 years, or life. [citation omitted] Defendant will be unable to intelligently exercise his challenges for

cause or peremptory challenges if he cannot examine the panel on the full range of punishment. . . . [D]efendant respectfully prays that this Court order that Defendant's counsel be allowed to inform the jury panel of the full range of punishment in the event that the allegations of the indictment are proven."

The motion was denied by the trial court, a ruling complained of by appellant in his motion for new trial.

In its remarks to the panel, the trial court did not touch on punishment. However, prospective jurors were informed by the prosecution during voir dire examination that the offense on trial is a first degree felony punishable by imprisonment from five to ninety-nine years or life and qualified them on that basis.[1] In his turn appellant pretermitted any mention of punishment, thereby avoiding being repetitive of the explanation made by the State and also deferring to ruling of the trial court denying his motion for leave to inform the prospective jurors of enhanced range of punishment. At the punishment phase,[2] of course, the jury was charged on enhancement.[3]

The question thus presented is whether, in the circumstances of this case, appellant was erroneously denied a fair opportunity to interrogate prospective jurors on matters of punishment in order intelligently to exercise his right to challenge for cause or peremptorily?

▆ Bias or prejudice regarding the law applicable to punishment is statutorily specified as a ground for challenge for cause by the State and the accused, Article 35.16(b)3 and (c)2, V.A.C.C.P., and is a proper area of inquiry for peremptory challenges as well as for cause, *Mathis v. State,* 576 S.W.2d 835 (Tex.Cr.App.1979); *Smith v. State,* 513 S.W.2d 823, 826[4] (Tex.Cr.App.1974); *Reeves v. State,* 491 S.W.2d 157, 161[5] (Tex. Cr.App.1973). As to aspects of punishment relating to the primary offense the law in this respect is free from any doubt, and the test for ascertaining harm in such cases is "whether the trial judge's limitation of the *voir dire* examination amounted to an abuse of discretion, thus depriving appellant of a valuable right," *Emanus v. State,* 526 S.W.2d 806, 808 (Tex.Cr.App.1975).

That the punishment ultimately assessed by a jury is one of two or more alternatives it is properly authorized to select has dictated that counsel for the parties be permitted to make appropriate inquiries concerning the alternatives, notwithstanding their conditional or contingent application. Thus, views concerning the former suspended sentence law were examined in *Plair v. State,* 102 Tex.Cr.R. 628, 279 S.W. 267 (Tex.Cr. App.1925); attitude towards probation was explored in *Houston v. State,* 496 S.W.2d 94, 95[6] (Tex.Cr.App.1973); feelings about

---

1. "That is the range of punishment. Now, is there any of you who could not accept that range of punishment for a first degree felony? Is there any of you who could not sit on this jury knowing that that range of punishment is possible in a first degree felony? Is there any of you who could not consider the range of punishment of 5 to 99 years or life? So, I take it by your silence that you could consider the range of punishment as set out by law."

2. To admission of documentary evidence showing the prior conviction alleged in the indictment, appellant made no objection.

3. "If you believe from the evidence beyond a reasonable doubt that all of the allegations set out in Paragraph Two of the indictment are true, you will . . . assess the punishment of the defendant at confinement . . . for any terms of years not more than 99 or less than 15, or for life."

4. "Asking about bias against parts of the range of punishment is certainly permissible. Indeed, bias against any of the law upon which the defendant is to rely is ground for a challenge for cause and a proper matter for query. Art. 35.16(b)(2), V.A.C.C.P.; *Reeves v. State,* 491 S.W.2d 157 (Tex.Cr.App.1973)."

5. "It is proper to question the jury panel to determine whether there exists a prejudice or objection to assessing the range of punishment provided for by statute."

6. The rationale was stated as follows:

"The jury was selected both to determine guilt or innocence and in the event of conviction, to decide upon appropriate punishment and upon the the question of probation. The only chance either the State or the defense had to interrogate the prospective jurors on their prejudice or attitude towards probation

assessing a minimum punishment should have been allowed in *Mathis v. State,* supra. It is the availability of alternatives, yet an uncertainty at the time of voir dire examination of their final determination by the jury, that render the examination as to possible punishments necessary—the occasion, under our system of jury trial, will never again be presented.

So it was, we discern, that the Court came to hold recently in *Bevill v. State,* 573 S.W.2d 781, 783 (Tex.Cr.App.1978) that there was a "valid reason" to permit the State to explain to a jury panel the range of punishment applicable where one prior conviction was alleged in the indictment pursuant to V.T.C.A. Penal Code, § 12.42. The Court pointed out that the jury must answer the factual inquiries of whether enhancement allegations are true and when it found but one was true:

> ". . . In this event, it would be the jury's duty to assess punishment. Where the jury may be called upon to assess punishment, both the State and the defendant have a right to qualify the jury on the full range of punishment. Thus, it is proper to inform the jury of the range of punishment applicable to an offense which is enhanced by one prior felony offense."

■ *Bevill* specifically notes the provisions of Article 36.01, § 1, V.A.C.C.P., that preclude reading enhancement allegations to the jury until the punishment hearing begins,[7] but clearly the Court was not inhibited by them, or by prior expressions of opinion concerning them, in coming to the conclusion it did. Statements of the rule in, e. g., *Castillo v. State,* 494 S.W.2d 844, 845 [8] (Tex.Cr.App.1973) and *Heredia v. State,* 508 S.W.2d 629 [9] (Tex.Cr.App.1974), that enhancement allegations must not be read to the jury at the outset of trial are not contradicted by the holding of *Bevill* that both the State and the accused have the right "to inform" the jury of the range of punishment applicable to an enhanced offense under Section 12.42(a), (b) or (c), supra, and to qualify it on the full range of punishment. Certainly, one can *inform* generally of applicable punishment without *reading* the precise allegations for enhancement, and thereby avoid what some have regarded as jeopardizing the presumption of innocence.[10] Thus harmonizing the *Bevill* conclusion and the *Castillo* rule, we adhere to both and hold that the admonition of Article 36.01, § 1, supra—that unless otherwise excepted allegations of prior convictions for purpose of enhancement under Section 12.42(a), (b) or (c), supra, shall not be read to the jury until hearing on punishment is held—is not offended by either the State or the accused informing and qualifying prospective jurors as to the full range of punishment applicable to the enhanced offense,

was on voir dire. It was *obviously* proper to permit such examination."

And it has been held that a motion in limine by an accused to preclude the State from mentioning his application for probation during void dire is untenable for that very reason, *White v. State,* 478 S.W.2d 506, 508 (Tex.Cr.App.1972).

7. "The indictment . . . shall be read to the jury by the attorney prosecuting. When prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment . . . reciting such convictions shall not be read until the hearing on punishment . . . ."

8. "Article 36.01, § 1 . . . leaves no doubt that the enhancement portion of an indictment is to be read *only* at the hearing on punishment, unless the reading of the prior convictions is jurisdictional. This rule applies with

equal force to both the accused and the State. (Emphasis in original.)"

9. Permitting the reading to the jury, at the commencement of the guilt stage of trial, of that portion of indictment alleging a prior felony conviction, over objection, is reversible error by reason of Article 36.01, § 1, supra.

10. In *Spencer v. Texas,* 385 U.S. 554, 575, 87 S.Ct. 648, 659, 17 L.Ed.2d 606 (1967) (Warren, C. J., dissenting), it was argued: "A jury might punish an accused for being guilty of a previous offense, or feel that incarceration is justified because the accused is a 'bad man,' without regard to his guilt of the crime currently charged. Of course it flouts human nature to suppose that a jury would not consider a defendant's previous trouble with the law in deciding whether he [had] committed the crime currently charged against him."

in order intelligently to exercise peremptory challenges.[11]

Accordingly, we conclude that refusal of the trial court to allow appellant to inform and to question prospective jurors concerning the minimum punishment for the enhanced offense deprived him of a valuable right[12] and was, therefore, an abuse of discretion.[13] *Mathis v. State,* supra, 576 S.W.2d at 839, *Mathis v. State,* 167 Tex.Cr.R. 627, 322 S.W.2d 629, 631–632 (1959) and cases cited in each.

Judgment of the trial court is reversed and the cause remanded.

---

11. Our holding does not embrace challenge for cause since appellant has not protected the record in that respect. See *Smith v. State,* 513 S.W.2d 823, 826 (Tex.Cr.App.1974) and *Mathis v. State,* 576 S.W.2d 835, 837 (Tex.Cr.App. 1979).

12. The State argues that a good reason supporting the ruling of the trial court is "to prevent tipping the jury off that the Defendant is a convicted felon," which "would only prejudice the Defendant's rights." In this case, however, not only was appellant willing to risk possible prejudice, if any, but also he was more anxious to claim the other right to ascertain whether awareness of a prior felony conviction would foreclose a prospective juror from fairly and impartially considering the minimum punishment for the enhanced offense. We cannot say an accused should be precluded from exercising his options according to his own rights if he insists on doing so.

13. The State further contends by failing to avail himself of the opportunity to query the panel on the minimum of five years for the primary offense, appellant must have been satisfied that any juror able to consider that minimum would have little difficulty in levying a fifteen year minimum. What the contention overlooks is that the latter arises in a quite different and perhaps significantly more stressful setting that under the ruling of the trial court would not be viewed by the juror until after conviction. One may well be prepared to consider five years for a first time burglary of a habitation but absolutely reject the notion of only fifteen years for an unreformed intruder who this time invades a rural residence in southwest Texas. Well knowing that the State could and would prove the prior burglary conviction against him, appellant had a greater need to test the attitudes of prospective jurors on the reality of enhanced punishment than to perpetuate the fiction of a five year minimum. Thus it is not a cure for abuse of judicial discretion, constraining him from getting to the real issue, that an accused decline to reiterate a practical irrelevance the prosecutor has already stated.