Allen Tyrone ROBINSON, Appellant,

v.

The STATE of Texas, State.

No. 2–89–166–CR.

Court of Appeals of Texas,
Fort Worth.

Oct. 16, 1991.

Rehearing Denied Nov. 27, 1991.

Simon C. Gonzalez, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty. and Lisa McMinn, Asst. Crim. Dist. Atty., Fort Worth, for appellee.

## OPINION

HILL, Justice.

Allen Tyrone Robinson appeals from his conviction by a jury of the offense of robbery by threats. The jury assessed his punishment at sixty-six years in the Texas Department of Corrections, now the Texas Department of Criminal Justice, Institutional Division, after finding that Robinson had been convicted of two prior felony offenses as alleged in the indictment.

In six points of error, Robinson contends that the trial court erred: (1) by denying his oral motion for instructed verdict of acquittal since the evidence was insufficient to support his conviction; (2) in admitting his statement because the statement was obtained as a result of a promise of benefit and therefore involuntary, because he was not informed of his constitutional rights, as guaranteed in the opinion of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), prior to making the statement, and because he was denied his request for counsel prior to making the statement, also as guaranteed in *Miranda*, all of which was in violation of article 38.22 of the Texas Code of Criminal Procedure, the Texas Constitution, and the fifth and sixth amendments to the United States Constitution; (3) by allowing the State to exercise peremptory challenges to eliminate the black veniremen from the jury panel in violation of his rights under the sixth and fourteenth amendments to the United States Constitution, all as set forth in the opinion of *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986); and (4) in allowing the State to inform the jury during the voir dire examination that Robinson had previously been convicted of a felony.

We affirm because we hold that the evidence is sufficient to support the conviction; that the trial court's findings in support of the admission of his statement into evidence are supported by the record; that the record supports the findings of the trial judge that the prosecutor's peremptory strikes were not racially motivated; and that the prosecutor, as well as the defense, is entitled to question the jury panel on the applicable law relating to enhanced punishments. We further hold that the prosecutor did not inform the jury that Robinson had previously been convicted; that if the prosecutor had made such a representation to the jury any harm was cured by the trial court's instruction that the prosecutor's remarks were intended to be in the abstract; and that beyond a reasonable doubt the prosecutor's remarks did not contribute to Robinson's conviction or punishment.

■ Robinson urges in point of error number one that the trial court erred by denying his oral motion for instructed verdict of acquittal because the evidence is insufficient to sustain the jury's verdict of guilty of the offense of robbery by threats, all of which was in violation of his right to due process as guaranteed by the fourteenth amendment to the United States Constitution.

We will view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Bonham v. State*, 680 S.W.2d 815, 819 (Tex.Crim.App.1984), *cert. denied*, 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985).

On February 27, 1988, Dirk Olson and Linda Miller were working at a convenience

store in Fort Worth when a black male entered the store and asked for a book of matches. When Olson opened the cash register to make the sale, the man reached into the cash drawer and began grabbing money. When Olson slammed the drawer on the man's hands, he reached for an object under his shirt and told Olson, "I've got a gun." Olson, in fear for his life, stepped back and allowed the man to take the money. Although Olson could not identify the man who robbed him, Linda Miller identified Robinson as the man who committed the robbery, after previously identifying him in a lineup.

TEX.PENAL CODE ANN. sec. 29.02 (Vernon 1989) provides that "(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 of this code and with intent to obtain or maintain control of the property, he: ... (2) intentionally or knowingly threatens another or places another in fear of imminent bodily injury or death." *Id.* We hold that the evidence is sufficient to support Robinson's conviction for that offense because it shows that while committing theft Robinson intentionally and knowingly threatened Olson and placed him in fear of imminent bodily injury or death.

■ Robinson refers us to testimony that could possibly lead a finder of fact to a different conclusion, but the credibility of the witnesses and the weight of the evidence was a question for the jury, and not this court. *See Webster v. State*, 627 S.W.2d 818, 820 (Tex.App.—Fort Worth), *pet. ref'd*, 634 S.W.2d 322 (Tex.Crim.App. 1982), *cert. denied*, 459 U.S. 1116, 103 S.Ct. 753, 74 L.Ed.2d 970 (1983). We overrule point of error number one.

■ Robinson contends in points of error numbers two, three, and four that the trial court erred by admitting his written statement into evidence because it was involuntary since it was obtained as a result of a promise of benefit, because he was not informed of his rights as guaranteed by *Miranda* and article 38.22 of the Code of Criminal Procedure, and because he was denied his request for counsel.

Conflicting testimony as to all of these issues was presented at the hearing on the motion to suppress Robinson's confession. Robinson testified that the Detective J.J. Lee promised to file only three or four out of twenty-three cases against him, that the Detective did not give him a warning of his rights before the interview, and that he had requested an attorney but none had been appointed until days after he had made the statement.

Detective Lee denied making any promise to Robinson or that Robinson had ever requested an attorney. There was testimony that the day prior to the statement Judge Yolanda Bernal of the Fort Worth Municipal Court had warned Robinson of his rights as those rights are set forth in article 15.17 of the Texas Code of Criminal Procedure. Lee said that he gave Robinson his *Miranda* rights prior to the taking of the statement, although after his initial interview with Robinson, by reading to him the warning at the top of the statement, a warning that includes the rights required by article 38.22 of the Texas Code of Criminal Procedure. Robinson testified that he had been arrested five times previously, and that this was not the first time he had heard the *Miranda* warnings. He said that he knew that if he asked them to give him a lawyer they would give him one before he had to make a statement. He said that he knew that he did not have to make a statement. He said that he wanted to talk to Detective Lee to find out what the police intended to do about all his cases. He said that he went to talk to Detective Lee because he wanted to help himself.

The trial court found that Robinson was aware that he had the right not to give a statement, that he was aware that he had the right to have an attorney present, and that he was in no way forced or coerced to give the statement. The trial court also found that Robinson was properly warned by Officer Lee before giving his statement, and that after being warned by the officer he knowingly, intelligently, and voluntarily waived his rights before giving his statement. We hold that the trial judge's findings are supported by the record; consequently, we hold that the trial court did not

err by admitting Robinson's statement into evidence, and that the admission of the statement was not in violation of Robinson's rights under either the United States or Texas Constitution.

■ Besides emphasizing his version of the conflicting facts, Robinson urges that the statement should not have been admitted because Officer Lee gave him the *Miranda* warning before the statement was taken but not before the initial interview. We note that it is undisputed that the day before Judge Bernal had given him the warning required by TEX.CODE CRIM. PROC.ANN. art. 15.17 (Vernon Supp.1991), a warning that includes the basic rights included in the warning set forth in TEX. CODE CRIM.PROC.ANN. art. 38.22 (Vernon 1979). Additionally, as we have noted, Robinson was already aware of those rights because of previous experiences with the criminal justice system. We therefore find no merit in Robinson's claim that he had not been properly warned before making the statement in question. We overrule points of error numbers two, three, and four.

Robinson urges in point of error number five that the trial court erred by allowing the State to exercise peremptory challenges to eliminate the black veniremen from the panel in violation of his rights under the sixth and fourteenth amendments to the United States Constitution, the Equal Protection Clause, and *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

The record reflects that the State exercised a peremptory challenge as to both black veniremen that could have been reached for the jury. In response to a motion filed by Robinson, the trial court held a hearing as required by *Batson.*

At the hearing, the State first stated that it used ten strikes hoping that there would be no double strikes, enabling a third black venireman, Juror Polk, to serve on the jury. The prosecutor stated that he struck Donna Lyons because of the inflection in her voice when the prosecutor asked her about a one-witness case. He said that Lyons stated that there would have to be other evidence than a single witness in a criminal case, and that she could not give ninety-nine years or life even to a habitual criminal. The prosecutor stated that he struck Florida Marie Johnson because she stated that she thought that twenty-five years was a little steep even for a habitual, and because she was not sure she could even give up to the minimum of twenty-five years for a habitual criminal. He said that race was not any part of his motivation in making the strikes. The trial court found that the strikes were not racially motivated, and denied Robinson's motion to substitute the two black jurors for the last two jurors chosen, and denied Robinson's motion for a mistrial.

■ We will review the record in its entirety by considering the voir dire process including the racial constitution of the venire, the prosecutor's neutral explanations, and the appellant's rebuttal and impeaching evidence to determine if the trial court's findings are clearly erroneous. *Whitsey v. State,* 796 S.W.2d 707, 726 (Tex. Crim.App.1989) (opinion on reh'g).

The record reflects that the two veniremembers both expressed reservations about considering the full range of punishment if there were a prior conviction, and one of them, Donna Lyons, expressed reservations about convicting solely based upon the testimony of one eyewitness.

■ Robinson, for the first time on appeal, argues that the evidence shows that the prosecutor's reasons were a sham and a pretext. He contends that the State did not examine the other potential veniremen as to their views on one-witness cases or their consideration of the range of punishment as carefully as it did the two black veniremen that it struck. We have examined the full voir dire examination and have observed that although the prosecutor did not ask the same questions in the same way to every veniremember, the variations did not seem to be based upon the race of the veniremember. Specifically, there were other members of the venire, who were not black, that were asked the same questions as were asked of Lyons and

Johnson. We hold that the trial court's findings are not clearly erroneous. We overrule point of error number five.

■ Robinson insists in point of error number six that the trial court reversibly erred in allowing the State to inform the jury on voir dire that he had previously been convicted of a felony. He refers to comments made by the prosecutor during voir dire while qualifying the venire-members on the full range of punishment in the event of proof of a prior conviction. No error is presented because both the State and the defense are entitled to question the jury panel on the applicable law relating to enhanced punishments. *Martinez v. State,* 588 S.W.2d 954, 956 (Tex. Crim.App. [Panel Op.] 1979).

■ Robinson argues that the prosecutor's statements went beyond a hypothetical explanation of the procedures regarding enhanced punishments and informed the jury that he had been previously convicted. We have examined the statements cited by Robinson in his brief and do not interpret them in that manner. However, the trial court, at Robinson's request, instructed the jury that the prosecutor was speaking in the abstract and that no one was telling them that Robinson had previously been convicted of any crime. We hold that even if there were error in the prosecutor's remarks that they were cured by the court's instruction, and we further hold beyond a reasonable doubt that such remarks did not contribute to Robinson's conviction or assessment of punishment. We overrule point of error number six.

The judgment is affirmed.