11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Robert Steven Childress

Appellant

Vs.                   No.
11-02-00200-CR B Appeal from Palo Pinto County

State of Texas

Appellee

 

The jury
found appellant guilty of burglary of a habitation with intent to commit
theft.  Appellant entered his plea of
true to an enhancement paragraph in the indictment, and the jury assessed
appellant=s punishment at confinement for 20
years.  Appellant appeals.  We affirm.

In a
single issue, appellant contends that the trial court erred during the voir
dire examination of the jury panel when the court=s preliminary instructions to the panel implied that appellant had been
previously convicted of a felony.  

The record
reflects the following remarks made by the trial court to the jury panel:

THE COURT:
All right. I will further instruct you that our law provides that under certain
circumstances, punishments can be enhanced. 
They can be raised a level or more. 
And one of those provisions of law is that if somebody has been
convicted of a felony previously, one time, that the range of punishment can be
raised one notch from that which is provided for the primary offense.

 

For
example, if a person is convicted of a third-degree felony and the range of
punishment is two to ten years, and then it is alleged and proven that that
person has been previously convicted before of a felony, then the law will
raise that punishment up to a higher risk, two to twenty years in prison; in
other words, that which is provided for the next higher felony.

 

If someone
is convicted of a second-degree felony, and then it=s alleged and proven that they have one final
felony conviction, instead of two to twenty, the punishment range is raised up
to a first-degree felony, five to ninety-nine or life in prison and the option
of a fine.

 

Everybody
understand how punishments can be enhanced by allegations of prior final felony
convictions?

 








(Venire
members respond affirmatively.)

 

THE COURT:
Any questions?

 

(No
response.)

 

THE COURT:
All right.  Let me ask you this
question.  In a burglary of a
habitation, intent to commit theft, second-degree felony, range of punishment
two to twenty years, if there is a conviction, you=re on the jury, during the punishment phase
of the trial it is alleged and proven that that person, he or she, has a prior
felony conviction and the Court instructs you that the range of punishment is
from a low of five years to a high of ninety-nine years or life and a fine of
up to $10,000, can you reasonably and fairly consider the full range of
punishment in a case like that from a low of five years to a high of
ninety-nine years or life and a fine of up to $10,000?  Anybody who cannot consider the full range
of punishment in a case like that, raise your hand.

 

The court in Frausto v.
State, 642 S.W.2d 506, 509 (Tex.Cr.App.1982), stated:

To
reiterate, a prosecutor may inform the jury panel of the range of punishment
applicable if the State were to prove a prior conviction for enhancement
purposes, but it may not inform the jury of any of the specific allegations
contained in the enhancement paragraph of a particular defendant=s indictment.

 

The trial
court did not violate the rule announced in Frausto.  The court generally informed the panel of
the applicable punishment.  See Martinez
v. State, 588 S.W.2d 954, 956 (Tex.Cr.App.1979).  The court did not inform the jury panel of Athe specific allegations contained in the
enhancement paragraph@ of
appellant=s indictment.  Furthermore, no timely objection was made to the trial court=s remarks to the jury panel.  See Penry v. State, 691 S.W.2d 636, 649
(Tex.Cr.App.1985).

The
judgment of the trial court is affirmed.

 

AUSTIN
McCLOUD

SENIOR
JUSTICE

January 23, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCloud, S.J.[1]











[1]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.