COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-038-CR
 
 
RONNIE 
DEAN SHEELEY A/K/A                                               APPELLANT
RONNY 
DEAN SHEELEY
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 355TH DISTRICT COURT OF HOOD COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. INTRODUCTION
        Ronnie 
Dean Sheeley a/k/a Ronny Dean Sheeley (“Sheeley”) appeals from his 
conviction of theft, which was enhanced by two prior theft convictions to a 
second-degree felony. We affirm.
II. FACTUAL BACKGROUND
        On 
November 12, 2003, Sheeley was indicted for the offense of theft under $1500. 
The indictment also contained one enhancement count for a 2002 North Carolina 
robbery conviction and three habitual counts for the 1994 Texas convictions of 
robbery, unauthorized use of a motor vehicle, and burglary of a motor vehicle. 
Prior to voir dire, Sheeley filed a “Motion to Limit State’s Remarks on Voir 
Dire,” wherein he asked the trial court to “order the State not to mention 
‘a person’ going to the pen, getting out, then going back, etc[.], as a 
pretext to bring inadmissible evidence before the jury prior to the punishment 
phase.” The trial court denied the motion, but instructed the prosecutor, 
before voir dire, to couch all references to the enhancement provisions in 
hypothetical terms and in accordance with the law. See e.g., Martinez v. 
State, 588 S.W.2d 954, 956 (Tex. Crim. App. [Panel Op.] 1979).
        During 
voir dire, the prosecutor addressed the offense of theft and the various grade 
elevation based on the object stolen, the value of the property stolen, and any 
prior theft convictions. As he continued to examine the venire, the prosecutor 
discussed jurisdictional enhancement for two prior theft convictions and the 
applicable punishment range for a state jail felony.[2]  
As the prosecutor began explaining non-jurisdictional enhancement provisions 
related to repeat and habitual offenders, Sheeley’s trial counsel objected to 
the prosecutor’s explanation, which the trial court overruled. The prosecutor 
went on to explain non-jurisdictional enhancement in general terms[3]  and gave an example applying jurisdictional and 
non-jurisdictional enhancements in the context of a DWI prosecution.
        The 
record indicates that some of the members of the venire had difficulty 
understanding the various enhancement provisions, and the prosecutor attempted 
to clarify the issues and qualify the venire on consideration of the full range 
of punishment. The record also reflects that on two occasions the prosecutor 
informed the venire that he was speaking hypothetically and not about the 
instant case. After hearing the evidence, the jury found Sheeley guilty of the 
offense of theft as alleged in the indictment and assessed punishment at twenty 
years’ confinement.
III. DISCUSSION
        In 
a single point, Sheeley complains that the prosecutor violated Article I, 
Section 10 of the Texas Constitution[4] and Article 
36.01 of the Texas Code of Criminal Procedure[5] by 
telling the venire panel about Sheeley’s prior convictions during voir dire.  
Under Texas law, it is well settled that both the State and the defense are 
entitled to question the jury panel on the applicable law relating to enhanced 
punishments.  See Robinson v. State, 817 S.W.2d 822, 826 (Tex. 
App.—Fort Worth 1991, pet. ref’d) (citing Martinez, 588 S.W.2d at 
956).  Referring generally to comments made by the prosecutor while 
qualifying the panel on the full range of punishment, Sheeley argues that the 
prosecutor’s statements went beyond a hypothetical explanation of the 
procedures regarding enhanced punishments and, instead, informed the jury that 
Sheeley had previously been convicted of theft.  See, e.g., Frausto v. 
State, 642 S.W.2d 506, 508 (Tex. Crim. App. 1982) (concluding that 
prosecutor’s statements — which recounted virtually all allegation contained 
in enhancement paragraphs, including offense, cause number, date, and court of 
conviction — were functional equivalent of reading enhancement paragraphs to 
the panel in violation of Article 36.01).  However, we have examined the 
statements cited by Sheeley and do not interpret them in that manner.  To 
the contrary, the record shows that the prosecutor did not read the 
non-jurisdictional enhancement paragraphs to the venire and did not inform the 
venire of the details related to such enhancements.  Accordingly, we 
overrule Sheeley’s sole point.
IV. CONCLUSION
        Having 
overruled Sheeley’s sole point, we affirm the trial court’s judgment.
 
 
                                                          BOB 
MCCOY
                                                          JUSTICE
 
 
PANEL 
A:   CAYCE, C.J., WALKER and MCCOY, JJ.
 
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: 
August 26, 2004
 

NOTES
1.  
See Tex. R. App. P. 47.4.
2. 
Specifically, 
the prosecutor explained jurisdictional enhancements as follows, “Regardless 
of the amount of what you take, if the defendant has been two times previously 
convicted of theft, the theft is punished as a state jail felony.” The 
prosecutor went on to explain that “for a state jail felony, the range of 
punishment is 6 months to 24 months in a state jail facility . . . [and a] fined 
up to $10,000.”
3.  
Specifically, the prosecutor explained non-jurisdictional enhancements as 
follows:
 
We 
have this section in our Penal Code and it’s entitled, “Penalty for repeat 
and habitual offenders’ and what this law tells us is that if a defendant 
commits a felony and goes to the penitentiary, we’re not talking about state 
jails here, we’re talking about regular first, second, and third degree 
felonies, gets out of the penitentiary again for the second time, and gets out 
of the penitentiary and then commits a state jail felony, and I tell you that 
there are lots of different state jail felonies, there’s you know, theft with 
two prior convictions, there’s burglary of a building, there’s writing a hot 
check for $1500, forgery, I mean there’s lots of state jail felonies, 
possession of less than one gram of cocaine or methamphetamine.  If you get 
out and you commit a crime like that, then the punishment range is that of a 
second degree felony, which is 2 years to 20 years in the penitentiary, and up 
to a $10,000 fine.
 
4.  
Article I, Section 10 of the Texas Constitution states, “In all criminal 
prosecutions the accused shall have a speedy public trial by an impartial 
jury.” Tex. Const. art. I § 10.
5.  
Generally, Article 36.01(a)(1) of the Texas Code of Criminal Procedure precludes 
the reading of the enhancement portion of an indictment before the punishment 
phase of trial. See TEX. CODE CRIM. PROC. ANN. art. 36.01(a)(1) (Vernon 
2004).