Ronnie Dean Sheeley v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-038-CR

RONNIE DEAN SHEELEY A/K/A APPELLANT

RONNY DEAN SHEELEY

V.

THE STATE OF TEXAS STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM
 
OPINION
(footnote: 1)

------------

I.  I
NTRODUCTION
 

Ronnie Dean Sheeley a/k/a Ronny Dean Sheeley (“Sheeley”) appeals from his conviction of theft, which was enhanced by two prior theft convictions to a second-degree felony.  We affirm. 

II.  F
ACTUAL
 B
ACKGROUND

On November 12, 2003, Sheeley was indicted for the offense of theft under $1500.  The indictment also contained one enhancement count for a 2002 North Carolina robbery conviction and three habitual counts for the 1994 Texas convictions of robbery, unauthorized use of a motor vehicle, and burglary of a motor vehicle.  Prior to voir dire, Sheeley filed a “Motion to Limit State’s Remarks on Voir Dire,” wherein he asked the trial court to “order the State not to mention ‘a person’ going to the pen, getting out, then going back, etc[.], as a pretext to bring inadmissible evidence before the jury prior to the punishment phase.”  The trial court denied the motion, but instructed the prosecutor, before voir dire, to couch all references to the enhancement provisions in hypothetical terms and in accordance with the law.  
See e.g., Martinez v. State
, 588 S.W.2d 954, 956 (Tex. Crim. App. [Panel Op.] 1979). 

During voir dire, the prosecutor addressed the offense of theft and the various grade elevation based on the object stolen, the value of the property stolen, and any prior theft convictions.  As he continued to examine the venire, the prosecutor discussed jurisdictional enhancement for two prior theft convictions and the applicable punishment range for a state jail felony.
(footnote: 2)  As the prosecutor began explaining non-jurisdictional enhancement provisions related to repeat and habitual offenders, Sheeley’s trial counsel objected to the prosecutor’s explanation, which the trial court overruled.  The prosecutor went on to explain non-jurisdictional enhancement in general terms
(footnote: 3) and gave an example applying jurisdictional and non-jurisdictional enhancements in the context of a DWI prosecution.

The record indicates that some of the members of the venire had difficulty understanding the various enhancement provisions, and the prosecutor attempted to clarify the issues and qualify the venire on consideration of the full range of punishment.  The record also reflects that on two occasions the prosecutor informed the venire that he was speaking hypothetically and not about the instant case.  After hearing the evidence, the jury found Sheeley guilty of the offense of theft as alleged in the indictment and assessed punishment at twenty years’ confinement.

III.  D
ISCUSSION 

In a single point, Sheeley complains that the prosecutor violated Article I, Section 10 of the Texas Constitution
(footnote: 4) and Article 36.01 of the Texas Code of Criminal Procedure
(footnote: 5) by telling the venire panel about Sheeley’s prior convictions during voir dire.  
Under Texas law, it is well settled that both the State and the defense are entitled to question the jury panel on the applicable law relating to enhanced punishments.  
See Robinson v. State
, 817 S.W.2d 822, 826 (Tex. App.—Fort Worth 1991, pet. ref’d) (citing 
Martinez
, 588 S.W.2d at 956).  Referring generally to comments made by the prosecutor while qualifying the panel on the full range of punishment, Sheeley argues that the prosecutor’s statements went beyond a hypothetical explanation of the procedures regarding enhanced punishments and, instead, informed the jury that Sheeley had previously been convicted of theft.  
See, e.g., Frausto v. State
, 642 S.W.2d 506, 508 (Tex. Crim. App. 1982) (concluding that prosecutor’s statements — which recounted virtually all allegation contained in enhancement paragraphs, including offense, cause number, date, and court of conviction — were functional equivalent of reading enhancement paragraphs to the panel in violation of Article 36.01).  However, we have examined the statements cited by Sheeley and do not interpret them in that manner.  To the contrary, the record shows that the prosecutor did not read the non-jurisdictional enhancement paragraphs to the venire and did not inform the venire of the details related to such enhancements.  Accordingly, we overrule Sheeley’s sole point.

IV.  C
ONCLUSION
 

Having overruled Sheeley’s sole point, we affirm the trial court’s judgment. 

BOB MCCOY

JUSTICE

PANEL A: CAYCE, C.J., WALKER and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: August 26, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Specifically, the prosecutor explained jurisdictional enhancements as follows, “Regardless of the amount of what you take, if the defendant has been two times previously convicted of theft, the theft is punished as a state jail felony.”  The prosecutor went on to explain that “for a state jail felony, the range of punishment is 6 months to 24 months in a state jail facility  . . . [and a] fined up to $10,000.”

3:
Specifically, the prosecutor explained non-jurisdictional enhancements as follows:

We have this section in our Penal Code and it’s entitled, “Penalty for repeat and habitual offenders’ and what this law tells us is that if a defendant commits a felony and goes to the penitentiary, we’re not talking about state jails here, we’re talking about regular first, second, and third degree felonies, gets out of the penitentiary again for the second time, and gets out of the penitentiary and then commits a state jail felony, and I tell you that there are lots of different state jail felonies, there’s you know, theft with two prior convictions, there’s burglary of a building, there’s writing a hot check for $1500, forgery, I mean there’s lots of state jail felonies, possession of less than one gram of cocaine or methamphetamine.  If you get out and you commit a crime like that, then the punishment range is that of a second degree felony, which is 2 years to 20 years in the penitentiary, and up to a $10,000 fine.  

[2 RR 24]  

4:
Article I, Section 10 of the Texas Constitution states, “In all criminal prosecutions the accused shall have a speedy public trial by an impartial jury.”  
Tex. Const.
 art. I § 10.

5:
Generally, Article 36.01(a)(1) of the Texas Code of Criminal Procedure precludes the reading of the enhancement portion of an indictment before the punishment phase of trial.  
See 
T
EX
. C
ODE
 C
RIM
. P
ROC
. A
NN
. art. 36.01(a)(1) (Vernon 2004).