[JH1] 

 

 

 

 

 

                                      COURT
OF APPEALS

                                      SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-04-548-CR

 

 

RANDY LEE FUGATE                                                           APPELLANT

 

                                                  V.

 

THE STATE OF TEXAS                                                               STATE

 

                                              ------------

 

          FROM
THE 97TH DISTRICT COURT OF MONTAGUE COUNTY

 

                                              ------------

 

                                OPINION
ON REHEARING

 

                                              ------------

After reconsidering our prior
opinion on appellant Randy Lee Fugate=s motion for rehearing, we deny the motion, but we withdraw our March
9, 2006 opinion and judgment and substitute the following in their place in
order to clarify parts of our original opinion as guided by the recent court of
criminal appeals opinion in Villescas v. State.  189 S.W.3d 290 (Tex. Crim. App. 2006). 








Appellant Randy Lee Fugate
was charged with possession of one gram or more but less than four grams of a
controlled substance, a third-degree felony.  See Tex. Health & Safety Code Ann. ' 481.115(c) (Vernon 2003); Tex.
Penal Code Ann. ' 12.42(a)(3)
(Vernon Supp. 2005).  A jury found him
guilty and assessed his punishment at twenty years= confinement due to a prior felony conviction that enhanced his
punishment to a second-degree felony.  On
appeal, he challenges the enhancement, claiming he did not receive sufficient
notice.  We affirm.

                                       Factual Background

Appellant properly filed his
request for notice of extraneous offenses and offenses to be used for
enhancement under article 37.07(3)(g) and rule of evidence 404(b) on November
18, 2003.  Tex. Code Crim. Proc. Ann. art. 37.07, ' 3(g) (Vernon Supp. 2005); Tex.
R. Evid. 404(b).  The State filed
its notice of enhancement on October 5, 2004, one week prior to trial.[1]









On the first day of trial,
October 12, 2005, appellant objected to the State=s notice of enhancement. 
Appellant contended that the State=s notice was inadequate because it was given less than seven days
prior to trial, citing Fairrow and Sears, two cases holding that
ten days= notice of enhancement was presumptively sufficient without setting an
arbitrary minimum.  Fairrow v. State, 112
S.W.3d 288, 295 (Tex. App.CDallas 2003, no pet.); Sears v. State, 91 S.W.3d 451, 455 (Tex.
App.CBeaumont 2002, no pet.).  The
State replied that appellant had been given at least seven days= notice before trial; the notice was sent on October 5 and trial did
not begin until October 12.  Upon
questioning from the trial court, appellant conceded that he had received
notice by fax two to three weeks prior to trial of the State=s intention to use two extraneous offenses; however, he did not
receive notice that the offenses would be used for enhancement as well until
one week before trial.  The trial court
overruled his objection concluding that seven days= notice before trial at guilt-innocence was sufficient.  The trial court also denied appellant=s request for a continuance. 
The jury convicted appellant of the present felony, with one
enhancement, as a second-degree felony, giving him a twenty-year sentence.

                                         Issue on Appeal








On appeal appellant raises a
constitutional point challenging the timeliness of the State=s notice of enhancement.  See
Villescas, 189 S.W.3d at 294 (holding notice requirement is of constitutional
origin).  He contends that the State=s failure to give proper and timely notice of enhancement of
punishment under section 12.42(a)(3) of the penal code should have resulted in
him receiving a maximum third-degree punishment.[2]  Tex.
Penal Code Ann. '
12.42(a)(3).  

                                             Discussion

Normally, the maximum
punishment for a third-degree felony is two to ten years= confinement whereas the punishment for a second-degree felony is two
to twenty years=
confinement.  However, if the State shows
that the defendant was convicted of a prior felony, the third-degree felony
will be punished as a second-degree felony resulting in an enhanced
punishment.  Here, the jury assessed the
maximum confinement for a second-degree felony, twenty years.








Appellant urges us to adopt
the Waco appellate court=s holding in
Hackett, the only intermediate appellate court opinion to adopt a
bright-line rule that requires the State to give a defendant at least ten days= notice of any enhancement. 
See Hackett v. State, 160 S.W.3d 588, 591 (Tex. App.CWaco 2005, pet. ref=d).  However, in Villescas,
the court of criminal appeals recently held that there is no Aspecial significance to the time period of ten days.@  Villescas, 189 S.W.3d
at 294.  The court reasoned that the Aultimate question is whether constitutionally adequate notice was
given.@  Id. 

Because there is no statutory
requirement and because the court of criminal appeals has recently stated that
no bright-line rule requiring a minimum of ten days= notice of enhancements exists, we conclude and hold that there is no
such ten-day notice requirement.  








The only question that
remains is whether, under Villescas, appellant received constitutionally
adequate notice.  See id.  We agree with the trial court=s conclusion that seven days= notice was reasonable notice under these circumstances.  The court in Villescas concluded,
based on Oyler v. State[3],
that due process does not require notice be given before trial.[4]  Id. 
In Villescas, the defendant received six days= notice before trial and had an additional seven-day  continuance during the punishment hearing. Id.
at 295.  The court stated that the
defendant had received Asubstantially
more than the notice minimally required to satisfy due process.@  Id.  Here, we likewise conclude that appellant
received Aconstitutionally
adequate@ notice when he received notice seven days before the guilt-innocence
phase. 

Finally, because we have
found no error there is no reason to address harm.[5]  According to Villescas, if we had
found error, we would conduct a constitutional harm analysis under rule
44.2(a).  Tex. R. App. P. 44.2(a); Villescas, 189 S.W.3d at
294.  Because we found no error on
appeal, there is no basis for addressing the alleged harm under rule
44.2(a).  

Conclusion

For these reasons, we
overrule appellant=s sole point
and affirm the judgment of the trial court. 


 

TERRIE LIVINGSTON

JUSTICE

 

PANEL B:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

 

DAUPHINOT,
J. filed a concurring and dissenting opinion.

 

PUBLISH

 

DELIVERED:
July 27, 2006











 
 
 
 
 
 
 




 

 

 

 

 

 

                                COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-04-548-CR

 

 

RANDY LEE FUGATE                                                            APPELLANT

 

 

                                                   V.

 

 

THE STATE OF TEXAS                                                                STATE

 

 

                                              ------------

 

           FROM
THE 97TH DISTRICT COURT OF MONTAGUE COUNTY

 

                                              ------------

 

      CONCURRING
AND DISSENTING OPINION ON REHEARING

 

                                              ------------








I withdraw my March 9, 2006
dissenting opinion and substitute the following in its place.  Because I believe that the 1962 case out of
West Virginia relied on by the Villescas court has no applicability to
Texas criminal jurisprudence regarding notice in this post-Apprendi[1] era, that the majority opinion on rehearing
fails to analyze how the notice in this case is constitutionally adequate
beyond merely pointing out that Appellant got more pretrial notice than
Villescas, and that the need for a bright-line rule should not be summarily
dismissed, I respectfully dissent. 
However, I concur in the outcome.

After the case before us had
been briefed and argued, the Texas Court of Criminal Appeals handed down an
opinion that, at first glance, appeared to resolve the issues before us.  In Villescas v. State,[2] a case in which the State apprised the
defendant of the enhancement allegations against him six days before the trial
began on guilt-innocence, and the defendant did not seek a continuance and did
not plead true but did stipulate to the prior conviction, the Texas Court of
Criminal Appeals, relying on Oyler v. Boles,[3]
a 1962 United States Supreme Court opinion, held that the notice was
constitutionally adequate and further remarked,








[W]e
also disavow the appellate court=s attachment of special
significance to the time period of ten days. 
We have no doubt that statutory time constraints are designed to safeguard
constitutional notice rights in a manner that is easy for the parties to follow
and for courts to apply, but in a review for constitutional error, the statutes
are not controlling.  The ultimate
question is whether constitutionally adequate notice was given.  We likewise reject the appellate court=s
conclusion that the relevant time period for determining proper notice is the
period before trial.  Under Oyler,
due process does not even require that the notice be given before the guilt
phase begins, much less that it be given a number [of] days before trial.  And limiting the notice period to Abefore
trial@
ignores the possibility that the trial court could take measures to cure the
notice problem by granting a continuanceCan option Oyler
expressly contemplates.

 

In fact the above discussion shows that when a
defendant has no defense to the enhancement allegation and has not suggested
the need for a continuance in order to prepare one, notice given at the
beginning of the punishment phase satisfies the federal constitution. . . . [We
have not held] that due course of law was more protective than due process with
regard to the amount of time required for notice, and we see no reason to do so
now.[4]  

 

Relying on Villescas,
the majority opinion on rehearing in the case before us provides, 

Because there is no statutory requirement and because the court of
criminal appeals has recently stated that no bright-line rule requiring a
minimum of ten days=
notice of enhancement exists, we conclude and hold that there is no such
ten-day notice requirement.        








The only
question that remains is whether, under Villescas, appellant received
constitutionally adequate notice.  We
agree with the trial court=s conclusion that seven days= notice was reasonable notice under these circumstances.  The court in Villescas concluded,
based on Oyler v. State, that due process does not require notice be
given before trial.  In Villescas,
the defendant received six days= notice before trial and had an additional seven-day continuance
during the punishment hearing.  The court
stated that the defendant had received Asubstantially more than the notice minimally required to satisfy due
process.@  Here, we likewise conclude
that appellant received Aconstitutionally
adequate@ notice when he received notice seven days before the guilt-innocence
phase.[5]

Judge Meyers appended his
previously unissued concurring opinion to the Villescas majority opinion
to his later published dissent in Pena v. State.[6]  While
I respectfully disagree with Justice Meyers=s conclusions that we do not need a bright-line rule and that
timeliness of notice is not a function of due process, I believe that he makes
valid points about the inapplicability of Oyler and therefore Villescas
to Texas jurisprudence regarding notice:

Not
only does the majority overstate the reach of Oyler, it applies it to
the dissimilar circumstances of Villescas v. State, drawing an
incongruent analogy.  Furthermore, in
reaching its decision, the Court cites the fact that [Villescas] ultimately
received a continuance as evidence that the State=s
notice of its intention to enhance the primary offense was timely.  . . .

 

. . . . 

 








. . . .  In
Oyler, the Supreme Court determined that due process may be
satisfied even though the State does not give its notice of enhancement until
the punishment phase of trial, as long as the defendant has a reasonable
opportunity to respond to the recidivist charge.  The defendants in Oyler had reasonable
notice because the State informed them of its intention to seek enhancement at
the start of the punishment phase, and they had an opportunity to be heard
because they acknowledged in open court that they were the same persons who had
previously been convicted.  Thus, no due
process violation occurred.  Indeed, the
Supreme Court made clear that the petitioners=
failure to object or seek a continuance on the ground that they had not
received adequate notice was the reason they were estopped from later asserting
the claim that they had not been given a fair opportunity to respond to the
allegations used for enhancement. 

 

The facts surrounding [Villescas=s]
case are dissimilar. . . .  Most notably,
the defendants in Oyler were apprised of the enhancements by a separate
information after the conclusion of trials in which their sentences were
deferred.  The West Virginia statute at
issue in Oyler provided the defendants with a separate jury trial on the
issue of identity if they denied being the person in the information alleging
the enhancement or just remained silent, whereas [Villescas] was sentenced by
the same jury that decided his guilt.  Oyler
entertained a particular set of facts and did not speak to scenarios in
which a defendant contests the State=s notice of intent to seek
enhancement and indicates that he needs more time within which to prepare, and
it did not address the situation of a unitary trial in which the same jury
decides guilt and punishment in two separate phases.  Oyler was a case in which the defendants
basically procedurally defaulted their ability to challenge the enhancement,
and it effectively left room for the situation in which notice before the
punishment phase would not satisfy due process.

 








. . . . 
The Supreme Court=s
holding in Oyler does not stand for the proposition that notice of
intent to enhance is timely as long as it is received prior to the punishment
proceeding, as the majority suggests. 
The majority basically dismisses the timeliness issue by saying that the
State=s
notice, which was given six days before the beginning of trial, was Asubstantially
more than the notice minimally required to satisfy due process.@  Again, the majority misinterprets Oyler
. . . .  If Oyler stood for the
proposition that timeliness requirements were satisfied as long as the State
gave notice at the beginning of the punishment phase, then an entire
jurisprudence would not exist.   Indeed,
it is noteworthy that Oyler has never been cited in any Texas case
dealing with the timeliness of the State=s notice of enhancement, in
light of the fact that its due process holding would have been applicable to
this issue beginning with our 1997 decision in Brooks v. State, which
allowed the State to give notice of enhancement 
outside of the indictment.  . . . 

 

. . . . The message that the majority sends is
that as long as the State files its notice of enhancement before punishment,
that notice is timely. . . .  

 

. . . .  Timeliness must be measured at the time the
State files its notice, or expresses its intention, to seek an enhanced
sentence, and it makes sense to require that the notice be before trial.  We said in Brooks that a defendant is
entitled to notice of the State=s intention to enhance, and there is a presumption among the lower
courts that ten days prior to trial is reasonable.  Proper notice constitutes a Adescription of the judgment of former conviction that will enable [the
accused] to find the record and make a preparation for a trial of the question
whether he is the convict named therein.@  Proper notice also affords the
defendant the opportunity to determine if the prior offenses are being
correctly characterized by the State, in terms of their substance and finality,
and it gives an attorney the opportunity to voir dire potential jurors on punishment
issues.  It is common sense to require
the State to give its notice of enhancement before the commencement of
proceedings, especially when there is a unitary trial.[7]








It is important to note that
even under the West Virginia scheme, the defendant is entitled to adequate
notice before the jury on punishment is chosen.[8]  Nowhere does the Oyler court suggest
that a defendant is not entitled to adequate notice before selection of the
jury that actually hears the punishment evidence.[9] 
Therefore, when the Oyler court held,

Nevertheless, a defendant must receive reasonable
notice and an opportunity to be heard relative to the recidivist charge even if
due process does not require that notice be given prior to the trial on the
substantive offense,[10]

 

it was not holding that a defendant must be
forced to select the punishment jury before receiving notice of the enhancement
allegations.  And even if it was, such is
not the law in Texas.  It is well settled
that both the State and the defendant are entitled to inform the jury of the
range of punishment applicable to an offense, including a range that is
enhanced, and to qualify the panel on the full range of punishment.[11]








Both the majority opinion in Villescas
and the majority opinion on rehearing in this case confuse error with harm,
considering what happened later in the case as determinative of whether error
occurred.  When the majority opinion in Villescas
provides that whether the notice is constitutionally adequate is the
ultimate issue, what it really means is that the ultimate issue is whether the
late notice harmed the defendant.  The Villescas
court specifically stated, 

[W]hen
a defendant has no defense to the enhancement allegation and has not suggested
the need for a continuance in order to prepare one, notice given at the
beginning of the punishment satisfies the federal constitution. . . .  

Like the defendants in Oyler, [Villescas]
had no defense to the enhancement allegationChe stipulated to the prior
conviction.  Nor did he suggest that a
continuance was necessary to discover or prepare a defense, beyond the seven
day continuance he had already received.[12]

 

Stipulating to the conviction named in an
enhancement allegation or pleading true thereto demonstrates that there is no
harm from late notice, not that the notice is timely.  Like the defendant in Oyler,
defendants like Villescas and Appellant should be estopped from claiming harm
when they concede the truth of the enhancement allegations, but defendants
contesting the timeliness of notice who also steadfastly contest the
enhancement allegations should not be subject to a standard based on such
procedural default.








The majority relies on Villescas
not for the proposition that the error in providing late notice is harmless
beyond a reasonable doubt because Appellant pled true to the challenged
enhancement allegation (just as Oyler pled true and Villescas stipulated to the
conviction) but for the proposition that no bright-line rule is required.  

As Judge Meyers implicitly
points out, the majority opinion in Villescas has essentially created a
bright-line rule at the other end of the spectrum. Instead of the presumption
that ten days is reasonable, the Villescas majority appears to state
that notice provided anytime before punishment is reasonable.[13]  Such
a rule violates a criminal defendant=s right to voir dire a jury on the complete range of punishment.[14]

Consequently, I implore the
Texas Court of Criminal Appeals to revisit this issue and hold that an
enhancement notice that affects the range of punishment is a de facto amendment
of the indictment.[15]  Because article 28.10(a) of the Texas Code of
Criminal Procedure requires a minimum of ten days= notice for an amendment to an indictment,[16] the Texas Court of Criminal Appeals should
hold that a minimum of ten days= notice is also required when the State files a separate pleading
giving notice of enhancement allegations. 








This bright-line rule, based
on Texas precedent, benefits everyone involved. 
The trial judges, prosecutors, defense attorneys, and defendants of the
State of Texas are entitled to know what the rules are.  They are also entitled to consistency.  They should not have to guess whether an
enhancement notice is timely in potentially every enhanced case before
them.  A notice that is timely in North
Texas should be timely in South Texas.  A
notice that is untimely in West Texas should be untimely in East Texas.  The timeliness of a notice of enhancement
that can increase the minimum confinement from two to twenty-five years and the
maximum confinement from ten or twenty years to ninety-nine years or life must
be clearly understood and consistent.  It
should not be left up to the best guess of an appellate court, especially in
light of the fact that we make that guess only after the parties and the trial
court have expended time, energy, and expense on a full trial.

If less than ten days= notice is given or if the notice is otherwise inadequate, then error
has occurred.  What should be evaluated
on a case by case basis is the resulting harm, if any, not the error. 








Notice is an issue of
constitutional dimension, and both the bench and the bar need to know the
rules.  Because the majority opinion on
rehearing holds the seven-day pretrial notice adequate solely because there is
no bright-line ten-day rule, it is more notice than Villescas got, and even
notice after trial began could have been adequate, without explaining why seven
days= notice is reasonable in this specific case, I must respectfully
dissent.  Nevertheless, for reasons
explained above, I agree that the case should be affirmed.

 

 

LEE ANN DAUPHINOT

JUSTICE

 

PUBLISH

DELIVERED: July 27, 2006

 











[1]The State gave notice of two prior
felony convictions.  Appellant=s objection as to one conviction
was sustained and withdrawn by the State due to an erroneous allegation
contained within that enhancement. 





[2]At
trial appellant argued that the ten-day notice rule for amendments to
indictments should apply; on appeal he apparently abandoned this argument, for
it is nowhere to be found in his brief.  See
Tex. Code Crim. Proc. Ann. art.
28.10(a) (Vernon 1989) (requiring ten days= notice to amend an
indictment).  He merely notes the
requirement in his list of other statutory examples requiring ten days=
notice. 





[3]368
U.S. 448, 82 S. Ct. 501 (1962).





[4]The
court held that Alimiting
the notice period to >before
trial=
ignores the possibility that the trial court could take measures to cure the
notice problem by granting a continuance.@  Villescas, 189 S.W.3d at 294.  





[5]On
appeal, appellant only argues that his substantial rights were affected under
rule 44.2(b), not under 44.2(a).  See Tex. R. App. P. 44.2(a), (b).





[1]Apprendi
v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000).





[2]189 S.W.3d 290 (Tex.
Crim. App. 2006).





[3]368 U.S. 448, 82 S.
Ct. 501 (1962).





[4]Villescas, 189
S.W.3d at 294 (footnote omitted).





[5]Majority op. on reh=g at
5 (citations and footnote omitted).





[6]191 S.W.3d 133, 139
n.1 (Tex. Crim. App. 2006) (Meyers, J., dissenting).





[7]Id. at
140-44 Ex. A (Meyers, J., dissenting) (citations and footnotes omitted).





[8]Oyler, 368
U.S. at 452-53, 82 S. Ct. at 504.





[9]Id.





[10]Id. at
452, 82 S. Ct. at 504.





[11]See,
e.g., Martinez v. State, 588 S.W.2d 954, 956 (Tex. Crim. App.  [Panel Op.] 1979); Bevill v. State,
573 S.W.2d 781, 783 (Tex. Crim. App. 1978) (op. on reh=g).  





[12]Villescas, 189
S.W.3d at 294-95 (footnotes omitted).





[13]Pena, 191
S.W.3d at 142 Ex. A (Meyers, J., dissenting).





[14]See,
e.g., Martinez, 588 S.W.2d at 956; Bevill, 573 S.W.2d at
783.





[15]See
Hackett v. State, 160 S.W.3d 588, 591 (Tex. App.CWaco
2005, pet. ref=d)
(holding same).





[16]Tex.
Code Crim. Proc. Ann. art. 28.10(a) (Vernon 1989).















 [JH1]

Opinion
on Rehearing 

Majority
by Justice Livingston; concurring and dissenting opinion on rehearing by
Justice Dauphinot