Johnny THOMAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 52206.

Court of Criminal Appeals of Texas.

Dec. 1, 1976.

Richard Thornton, Galveston, Court appointed, for appellant.

Ronald L. Wilson, Dist. Atty., Jack C. Brock, Asst. Dist. Atty., Galveston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Appellant was convicted for burglary. His punishment, enhanced pursuant to V.T. C.A. Penal Code Sec. 12.42(d), was assessed at life imprisonment.

■ Appellant first asserts that the trial court erred in refusing his motion to inform the jury panel and the jury of the punishment that would be assessed under Sec. 12.42(d), supra, which provides:

"If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by confinement in the Texas Department of Corrections for life."

Appellant was indicted as an habitual criminal pursuant to this statute. At the punishment stage of the trial, he pleaded "untrue" to the previous convictions asserted by the State. The jury, however, returned a finding of "true" to the State's allegations. In accordance with the mandatory language of Sec. 12.42(d), supra, appellant's punishment was fixed at life imprisonment.

Thomas claims that he has a right to inform the jury panel and the jury of the possible maximum punishment that may be assessed. Under the former Penal Code,[1] the discussion of the result of a penalty absolutely fixed by law was not allowed during the voir dire examination nor during guilt or punishment stage of the trial. *Knox v. State*, 400 S.W.2d 750; *Punchard v. State*, 154 S.W.2d 648.

The question before us is whether this prohibition is continued with respect to Sec. 12.42(d), supra. The practice commentary to that Section informs us that it "preserves" Art. 63, supra, of the former code. *Carvajal v. State*, 529 S.W.2d 517.

We see no reason to abandon our previous decisions on this issue. We hold that it was proper for the trial court to prohibit the discussion of a punishment absolutely fixed by law during all stages of the trial. The first ground of error is overruled.

■ Grounds of error numbers two and six challenge the constitutionality of Sec. 12.42(d), supra. Appellant argues that the enhancement provision deprives him of the equal protection of the laws and subjects him to double jeopardy.

1. Article 63, V.A.P.C. (1925).

We again note that the enhancement provisions of the former Penal Code have been preserved by the current enactment. In past decisions of this Court, the validity of Art. 63, supra, has been upheld against all constitutional challenges. *Thrash v. State,* Tex.Cr.App., 500 S.W.2d 834; *Cooper v. State,* Tex.Cr.App., 492 S.W.2d 545, and cases cited therein.[2] We have also recently held that Sec. 12.42(d), supra, is not violative of the constitutional prohibitions against cruel and unusual punishment. *Armendariz v. State,* Tex.Cr.App., 529 S.W.2d 525.

Appellant presents no reason for us to depart from our past analysis of this issue. The grounds of error are overruled.

Appellant, in combined argument under grounds of error three, four and five, complains of rulings against his requested charges and objections to the charge at the guilt and punishment stages. His primary complaints appear to be of failure to charge on lesser included offenses (criminal trespass, V.T.C.A. Penal Code Sec. 30.05, and criminal mischief, V.T.C.A. Penal Code Sec. 28.03), failure to define "burglarious entry," and failure to present the punishment issues in clear and understandable language.

■ Regarding lesser included offenses, the record shows that the State presented a case showing burglary, the appellant presented no defensive evidence, and the issues of criminal trespass and criminal mischief were not raised. Cf. *Day v. State,* Tex.Cr.App., 532 S.W.2d 302.

■ Regarding the use of "burglarious entry," we observe that the portion of the charge complained of states:

"In this case, the indictment having charged that the burglarious entry was made with intent to commit the crime of theft, before you would be warranted in finding defendant guilty, you must be satisfied from the evidence beyond a reasonable doubt that the entry, if any, was so made with the intent to commit the specific crime of theft."

**2.** Also see, *Woodard v. Beto,* 447 F.2d 103 (5th Cir.), cert. denied, 404 U.S. 957, 92 S.Ct. 325, 30

Elsewhere in the charge, the offense was fully set out, both in the abstract statutory definition and in the application of the law to the facts. Also "entry" and other terms were defined in the charge. The court did not err in refusing additionally to define "burglarious entry."

■ Without setting forth the charge on punishment, suffice it to say our examination of it leads us to conclude that the enhancement issues were adequately presented to the jury.

The third, fourth and fifth grounds of error are overruled.

■ The seventh ground of error contends that the trial court erred in refusing to grant appellant's "various Motions of mistrial made during the trial." The argument thereunder clarifies nothing. This is obviously multifarious and in violation of Art. 40.09(9), supra. It is, therefore, overruled.

■ As we construe his final ground of error, the appellant claims that the court erred when it allowed the State to introduce certified copies of his prior convictions during the jury argument on punishment. Appellant insists that this allowed the prosecutor to testify and improperly to reopen the case. The objection at trial was to the State being permitted to reopen its case.

The record reflects that appellant made this statement during the jury argument on punishment:

"If they had certified copies [of the prior convictions] from the District Clerk of the Dallas County Criminal Court No. 2, I believe, put them in now and I will withdraw my statement of untrue."

The State waited until the appellant finished his argument. Then, the State introduced exhibits four through ten, the certified copies of the prior convictions.

Initially, we note that the jury never saw these exhibits. They were introduced for purposes of the record only.

L.Ed.2d 275; *Ohler v. Beto,* 356 F.2d 879 (5th Cir.).

**648**

The trial court has the discretion pursuant to Art. 36.02, V.A.C.C.P., to allow testimony to be introduced before the argument of the case is concluded. *Holcomb v. State*, Tex.Cr.App., 523 S.W.2d 661. This, coupled with appellant's invitation to the prosecutor and the fact that the jury did not see these exhibits, leads us to the conclusion that no erroneous reopening of the State's case has been shown. The final ground of error is overruled.

. The judgment is affirmed.