**Fred BEVILL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 53780.**

Court of Criminal Appeals of Texas, En Banc.

June 14, 1978.

Rehearing Denied Dec. 20, 1978.

Marion J. Craig, III, Hereford, for appellant.

Andy Shuval, Dist. Atty., Hereford, for the State.

## OPINION

## ON APPELLANT'S MOTION FOR REHEARING

ROBERTS, Judge.

On original submission, we held that the trial judge did not commit reversible error by overruling the appellant's objection when the prosecutor included in his voir dire examination of the jury panel an explanation of the range of punishment applicable to cases where both one prior conviction and two prior convictions were alleged in the indictment pursuant to V.T.C.A., Penal Code, Section 12.42. The Appellant's Motion for Leave to File a Motion for Rehearing has been granted to consider whether our opinion on original submission is in conflict with *Thomas v. State*, 543 S.W.2d 645 (Tex.Cr.App.1976).

In *Thomas v. State*, supra, the defendant was indicted for burglary, enhanced by two prior felony convictions pursuant to V.T.C.A., Penal Code, Section 12.42(d), which states:

"(d) If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by confinement in the Texas Department of Corrections for life."

The defendant attempted to inform the jury panel and later the selected jury of the punishment which would be imposed under V.T.C.A., Penal Code, Section 12.42(d) if the jury found the allegations in both enhancement paragraphs to be true. The trial judge prohibited the defendant from so informing the jury.

On appeal, this Court noted that under our former Penal Code—Article 63, V.A.P.C.—"the discussion of the result of a penalty absolutely fixed by law was not allowed during the voir dire examination nor during guilt or punishment stage of the trial." *Thomas v. State*, supra at 646. We then noted that V.T.C.A., Penal Code, Section 12.42(d) preserved Article 63, V.A.P.C., of our former Penal Code, and concluded that ". . . it was proper for the trial court to prohibit the discussion of a punishment absolutely fixed by law during all stages of the trial." *Thomas v. State*, supra at 646.

In the present case, the appellant was indicted for burglary of a building, enhanced by two prior felony convictions pursuant to V.T.C.A., Penal Code, Section 12.42(d). The appellant, through a series of motions and objections,[1] attempted to prevent the prosecutor from qualifying the jury panel on the punishment that could be assessed if the jury convicted the appellant and found either one or both of the enhancement paragraphs to be true.[2]

The trial judge permitted the prosecutor to explain to the jury that if the jury found one of the enhancement paragraphs to be true, the range of punishment would be from 5 to 99 years or life.[3] The trial judge also permitted the prosecutor to explain to the jury that if it found both of the enhancement paragraphs to be true, then the punishment would automatically be im-

---

1. There is no need to set out these motions and objections. It is sufficient to note that the appellant timely and adequately objected to the trial judge's ruling.

2. The basis of the appellant's attempt to prohibit the prosecutor from doing this was that the jury would be informed of the appellant's prior convictions, and that this would violate the policy of Article 36.01(1), Vernon's Ann. C.C.P., which states:

   "The indictment or information shall be read to the jury by the attorney prosecuting. When prior convictions are alleged for purposes of enhancement only and are not juris-

dictional, that portion of the indictment or information reciting such convictions shall not be read until the hearing on punishment is held as provided in Article 37.07."

3. Burglary of a building is a second degree felony. V.T.C.A., Penal Code, Section 30.02(c). Thus, under V.T.C.A., Penal Code, Section 12.42(b), the applicable range of punishment if the jury found one of the enhancement paragraphs to be true would be that prescribed for a first degree felony. Under V.T.C.A., Penal Code, Section 12.32, the punishment for a first degree felony is life or any term of imprisonment not more than 99 years or less than 5 years.

posed at life by the trial judge. Thus, the trial judge allowed the prosecutor to explain to the jury not only the full range of punishment available if the jury found one enhancement paragraph to be true, but also permitted the prosecutor to explain the punishment that would be *absolutely fixed* by law if the jury found both enhancement paragraphs to be true.

Our opinion on original submission held that the trial judge did not abuse his discretion by permitting the prosecutor to explain to the jury the range of punishment if the jury found one of the enhancement paragraphs to be true. We also held on original submission that the trial judge did not abuse his discretion by permitting the prosecutor to explain to the jury that the punishment would automatically be imposed at life if the jury found both enhancement paragraphs to be true. Our holding was based upon *Smith v. State*, 513 S.W.2d 823 (Tex.Cr.App.1974), and *Reeves v. State*, 491 S.W.2d 157 (Tex.Cr.App.1973). Neither *Smith* nor *Reeves* involves a similar factual situation. However, both *Smith* and *Reeves* stand for the proposition that it is within the trial judge's discretion to allow the parties to question the jury panel to determine whether there exists a prejudice or objection by the members of the jury to the range of punishment provided for by the statute.

Thus, we are confronted with a conflict between our opinion on original submission, which held, *inter alia*, that it is not improper for the trial judge to permit a prosecutor to inform the jury that if it finds both of the enhancement paragraphs to be true, then the punishment will be automatically imposed at life by the trial judge, and *Thomas*, which held that it was proper for the trial judge to prohibit the defendant from informing the jury that if it finds both enhancement paragraphs to be true, then the punishment will automatically be imposed at life by the trial judge.

This conflict between our opinion on original submission and *Thomas* is further complicated by our opinion in *Burns v. State*, 556 S.W.2d 270 (Tex.Cr.App.1977). In

*Burns*, the defendant was charged with capital murder. The defendant asserted, among other things, that the trial judge erred in prohibiting him from informing the jury panel during the voir dire examination the effect of the "yes" or "no" answers to the questions that would be asked the jurors at the punishment stage of the trial pursuant to Article 37.071, Vernon's Ann.C. C.P. We there stated:

"In *Hovila v. State*, [532 S.W.2d 293 (Tex.Cr.App.1975)] supra, while noting that the jury would know the effect of their answers to questions submitted under Art. 37.071, supra, it was stated: The 'new statutes' require 'them [the jury] only to answer questions while the judge assesses the punishment based on such answers.'

"*Since it is the duty of the jury to answer the factual inquiries and the duty of the court to assess punishment based on these answers*, we find no error in the court disallowing counsel to tell the jury panel the effect of their 'yes' and 'no' answers." (Emphasis added)

■ As is the case with the questions asked the jury pursuant to Article 37.071, Vernon's Ann.C.C.P., we find that it is the jury's duty to answer the factual inquiries of whether the enhancement paragraphs in an indictment are true. Where the jury finds two enhancement paragraphs to be true, it is the trial judge's duty to automatically impose punishment at life. Where, however, either one or two enhancement paragraphs are alleged, there exists a possibility that the jury may find only one of the enhancement paragraphs to be true. In this event, it would be the jury's duty to assess punishment. Where the jury may be called upon to assess punishment, both the State and the defendant have a right to qualify the jury on the full range of punishment. Thus, it is proper to inform the jury of the range of punishment applicable to an offense which is enhanced by one prior felony offense.

■ In light of the foregoing, however, we cannot conclude that there is a valid reason for a trial judge to permit either a

**784**

prosecutor or a defense attorney to inform a jury that if it finds both enhancement paragraphs to be true, the punishment will automatically be imposed at life by the trial judge. Since there is no valid reason for a trial judge to permit a prosecutor to so inform a jury, we conclude that the trial judge abused his discretion by so doing in the present case. Also, we are unable to conclude that the abuse of discretion was harmless error beyond a reasonable doubt.

The judgment is reversed and the cause remanded.

ONION, P. J., dissents.

VOLLERS, J., not participating.