**Randy Lee FUGATE, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–04–548–CR.**

Court of Appeals of Texas,
Fort Worth.

July 27, 2006.

---

M. Paige Williams, Fort Worth, for Appellant.

Jack A. McGaughey, Asst. District Atty., Montague, for State.

Panel B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

## OPINION ON REHEARING

TERRIE LIVINGSTON, Justice.

After reconsidering our prior opinion on appellant Randy Lee Fugate's motion for rehearing, we deny the motion, but we withdraw our March 9, 2006 opinion and judgment and substitute the following in their place in order to clarify parts of our original opinion as guided by the recent court of criminal appeals opinion in *Villescas v. State*, 189 S.W.3d 290 (Tex.Crim. App.2006).

Appellant Randy Lee Fugate was charged with possession of one gram or more but less than four grams of a controlled substance, a third-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (Vernon 2003); TEX. PENAL CODE ANN. § 12.42(a)(3) (Vernon Supp. 2005). A jury found him guilty and assessed his punishment at twenty years' confinement due to a prior felony conviction that enhanced his punishment to a second-degree felony. On appeal, he challenges the enhancement, claiming he did not receive sufficient notice. We affirm.

## Factual Background

Appellant properly filed his request for notice of extraneous offenses and offenses to be used for enhancement under article 37.07(3)(g) and rule of evidence 404(b) on November 18, 2003. TEX.CODE CRIM. PROC. ANN. art. 37.07, § 3(g) (Vernon Supp.2005); TEX.R. EVID. 404(b). The State filed its notice of enhancement on October 5, 2004, one week prior to trial.[1]

On the first day of trial, October 12, 2005, appellant objected to the State's notice of enhancement. Appellant contended that the State's notice was inadequate because it was given less than seven days prior to trial, citing *Fairrow* and *Sears*, two cases holding that ten days' notice of enhancement was presumptively sufficient without setting an arbitrary minimum. *Fairrow v. State*, 112 S.W.3d 288, 295 (Tex.App.-Dallas 2003, no pet.); *Sears v. State*, 91 S.W.3d 451, 455 (Tex.App.-Beaumont 2002, no pet.). The State replied that appellant had been given at least seven days' notice before trial; the notice was sent on October 5 and trial did not begin until October 12. Upon questioning from the trial court, appellant conceded that he had received notice by fax two to three weeks prior to trial of the State's intention to use two extraneous offenses; however, he did not receive notice that the offenses would be used for enhancement as well until one week before trial. The trial court overruled his objection concluding that seven days' notice before trial at guilt-innocence was sufficient. The trial court also denied appellant's request for a continuance. The jury convicted appellant of the present felony, with one enhancement, as a second-degree felony, giving him a twenty-year sentence.

---

1. The State gave notice of two prior felony convictions. Appellant's objection as to one conviction was sustained and withdrawn by the State due to an erroneous allegation contained within that enhancement.

## Issue on Appeal

On appeal appellant raises a constitutional point challenging the timeliness of the State's notice of enhancement. *See Villescas*, 189 S.W.3d at 294 (holding notice requirement is of constitutional origin). He contends that the State's failure to give proper and timely notice of enhancement of punishment under section 12.42(a)(3) of the penal code should have resulted in him receiving a maximum third-degree punishment.[2] TEX. PENAL CODE ANN. § 12.42(a)(3).

## Discussion

Normally, the maximum punishment for a third-degree felony is two to ten years' confinement whereas the punishment for a second-degree felony is two to twenty years' confinement. However, if the State shows that the defendant was convicted of a prior felony, the third-degree felony will be punished as a second-degree felony resulting in an enhanced punishment. Here, the jury assessed the maximum confinement for a second-degree felony, twenty years.

Appellant urges us to adopt the Waco appellate court's holding in *Hackett*, the only intermediate appellate court opinion to adopt a bright-line rule that requires the State to give a defendant at least ten days' notice of any enhancement. *See Hackett v. State*, 160 S.W.3d 588, 591 (Tex. App.-Waco 2005, pet. ref'd). However, in *Villescas*, the court of criminal appeals re-

cently held that there is no "special significance to the time period of ten days." *Villescas*, 189 S.W.3d at 294. The court reasoned that the "ultimate question is whether constitutionally adequate notice was given." *Id.*

■ Because there is no statutory requirement and because the court of criminal appeals has recently stated that no bright-line rule requiring a minimum of ten days' notice of enhancements exists, we conclude and hold that there is no such ten-day notice requirement.

■ The only question that remains is whether, under *Villescas*, appellant received constitutionally adequate notice. *See id.* We agree with the trial court's conclusion that seven days' notice was reasonable notice under these circumstances. The court in *Villescas* concluded, based on *Oyler v. Boles*[3], that due process does not require notice be given before trial.[4] *Id.* In *Villescas*, the defendant received six days' notice before trial and had an additional seven-day continuance during the punishment hearing. *Id.* at 295. The court stated that the defendant had received "substantially more than the notice minimally required to satisfy due process." *Id.* Here, we likewise conclude that appellant received "constitutionally adequate" notice when he received notice seven days before the guilt-innocence phase.

Finally, because we have found no error there is no reason to address harm.[5] Ac-

---

2. At trial appellant argued that the ten-day notice rule for amendments to indictments should apply; on appeal he apparently abandoned this argument, for it is nowhere to be found in his brief. *See* TEX.CODE CRIM. PROC. ANN. art. 28.10(a) (Vernon 1989) (requiring ten days' notice to amend an indictment). He merely notes the requirement in his list of other statutory examples requiring ten days' notice.

3. 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962).

4. The court held that "limiting the notice period to 'before trial' ignores the possibility that the trial court could take measures to cure the notice problem by granting a continuance." *Villescas*, 189 S.W.3d at 294.

5. On appeal, appellant only argues that his substantial rights were affected under rule

cording to *Villescas,* if we had found error, we would conduct a constitutional harm analysis under rule 44.2(a). TEX.R.APP. P. 44.2(a); *Villescas,* 189 S.W.3d at 294. Because we found no error on appeal, there is no basis for addressing the alleged harm under rule 44.2(a).

### Conclusion

For these reasons, we overrule appellant's sole point and affirm the judgment of the trial court.

DAUPHINOT, J. filed a concurring and dissenting opinion.

LEE ANN DAUPHINOT, Justice, concurring and dissenting.

I withdraw my March 9, 2006 dissenting opinion and substitute the following in its place. Because I believe that the 1962 case out of West Virginia relied on by the *Villescas* court has no applicability to Texas criminal jurisprudence regarding notice in this post-*Apprendi*[1] era, that the majority opinion on rehearing fails to analyze how the notice in this case is constitutionally adequate beyond merely pointing out that Appellant got more pretrial notice than Villescas, and that the need for a bright-line rule should not be summarily dismissed, I respectfully dissent. However, I concur in the outcome.

After the case before us had been briefed and argued, the Texas Court of Criminal Appeals handed down an opinion that, at first glance, appeared to resolve the issues before us. In *Villescas v. State,*[2] a case in which the State apprised the defendant of the enhancement allegations against him six days before the trial

began on guilt-innocence, and the defendant did not seek a continuance and did not plead true but did stipulate to the prior conviction, the Texas Court of Criminal Appeals, relying on *Oyler v. Boles,*[3] a 1962 United States Supreme Court opinion, held that the notice was constitutionally adequate and further remarked,

[W]e also disavow the appellate court's attachment of special significance to the time period of ten days. We have no doubt that statutory time constraints are designed to safeguard constitutional notice rights in a manner that is easy for the parties to follow and for courts to apply, but in a review for constitutional error, the statutes are not controlling. The ultimate question is whether constitutionally adequate notice was given. We likewise reject the appellate court's conclusion that the relevant time period for determining proper notice is the period before trial. Under *Oyler,* due process does not even require that the notice be given before the guilt phase begins, much less that it be given a number [of] days before trial. And limiting the notice period to "before trial" ignores the possibility that the trial court could take measures to cure the notice problem by granting a continuance—an option *Oyler* expressly contemplates.

In fact the above discussion shows that when a defendant has no defense to the enhancement allegation and has not suggested the need for a continuance in order to prepare one, notice given at the beginning of the punishment phase satisfies the federal constitution .... [We have not held] that due course of law

---

44.2(b), not under 44.2(a). *See* TEX.R.APP. P. 44.2(a), (b).

**1.** *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

**2.** 189 S.W.3d 290 (Tex.Crim.App.2006).

**3.** 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962).

was more protective than due process with regard to the amount of time required for notice, and we see no reason to do so now.[4]

Relying on *Villescas*, the majority opinion on rehearing in the case before us provides,

> Because there is no statutory requirement and because the court of criminal appeals has recently stated that no bright-line rule requiring a minimum of ten days' notice of enhancement exists, we conclude and hold that there is no such ten-day notice requirement.
>
> The only question that remains is whether, under *Villescas*, appellant received constitutionally adequate notice. We agree with the trial court's conclusion that seven days' notice was reasonable notice under these circumstances. The court in *Villescas* concluded, based on *Oyler v. Boles*, that due process does not require notice be given before trial. In *Villescas*, the defendant received six days' notice before trial and had an additional seven-day continuance during the punishment hearing. The court stated that the defendant had received "substantially more than the notice minimally required to satisfy due process." Here, we likewise conclude that appellant received "constitutionally adequate" notice when he received notice seven days before the guilt-innocence phase.[5]

Judge Meyers appended his previously unissued concurring opinion to the *Villescas* majority opinion to his later published dissent in *Pena v. State.*[6] While I respectfully disagree with Justice Meyers's conclusions that we do not need a bright-line rule and that timeliness of notice is not a function of due process, I believe that he makes valid points about the inapplicability of *Oyler* and therefore *Villescas* to Texas jurisprudence regarding notice:

> Not only does the majority overstate the reach of *Oyler*, it applies it to the dissimilar circumstances of *Villescas v. State*, drawing an incongruent analogy. Furthermore, in reaching its decision, the Court cites the fact that [Villescas] ultimately received a continuance as evidence that the State's notice of its intention to enhance the primary offense was timely. . . .
>
> . . . .
>
> . . . . In *Oyler*, the Supreme Court determined that due process *may* be satisfied even though the State does not give its notice of enhancement until the punishment phase of trial, as long as the defendant has a reasonable opportunity to respond to the recidivist charge. The defendants in *Oyler* had reasonable notice because the State informed them of its intention to seek enhancement at the start of the punishment phase, and they had an opportunity to be heard because they acknowledged in open court that they were the same persons who had previously been convicted. Thus, no due process violation occurred. Indeed, the Supreme Court made clear that the petitioners' failure to object or seek a continuance on the ground that they had not received adequate notice was the reason they were estopped from later asserting the claim that they had not been given a fair opportunity to respond to the allegations used for enhancement.
>
> The facts surrounding [Villescas's] case are dissimilar. . . . Most notably,

---

**4.** *Villescas*, 189 S.W.3d at 294 (footnote omitted).

**5.** Majority op. on reh'g at 783 (citations and footnote omitted).

**6.** 191 S.W.3d 133, 139 n. 1 (Tex.Crim.App. 2006) (Meyers, J., dissenting).

the defendants in *Oyler* were apprised of the enhancements by a separate information after the conclusion of trials in which their sentences were deferred. The West Virginia statute at issue in *Oyler* provided the defendants with a separate jury trial on the issue of identity if they denied being the person in the information alleging the enhancement or just remained silent, whereas [Villescas] was sentenced by the same jury that decided his guilt. *Oyler* entertained a particular set of facts and did not speak to scenarios in which a defendant contests the State's notice of intent to seek enhancement and indicates that he needs more time within which to prepare, and it did not address the situation of a unitary trial in which the same jury decides guilt and punishment in two separate phases. *Oyler* was a case in which the defendants basically procedurally defaulted their ability to challenge the enhancement, and it effectively left room for the situation in which notice before the punishment phase would not satisfy due process.

.... The Supreme Court's holding in *Oyler* does not stand for the proposition that notice of intent to enhance is timely as long as it is received prior to the punishment proceeding, as the majority suggests. The majority basically dismisses the timeliness issue by saying that the State's notice, which was given six days before the beginning of trial, was "substantially more than the notice minimally required to satisfy due process." Again, the majority misinterprets *Oyler* .... If *Oyler* stood for the proposition that timeliness requirements were satisfied as long as the State gave notice at the beginning of the punishment phase, then an entire jurisprudence would not exist. Indeed, it is noteworthy that *Oyler* has never been cited in any Texas case dealing with the timeliness of the State's notice of enhancement, in light of the fact that its due process holding would have been applicable to this issue beginning with our 1997 decision in *Brooks v. State,* [957 S.W.2d 30 (Tex.Crim.App.1997)] which allowed the State to give notice of enhancement outside of the indictment....

.... The message that the majority sends is that as long as the State files its notice of enhancement before punishment, that notice is timely....

.... Timeliness must be measured at the time the State files its notice, or expresses its intention, to seek an enhanced sentence, and it makes sense to require that the notice be before trial. We said in *Brooks* that a defendant is entitled to notice of the State's intention to enhance, and there is a presumption among the lower courts that ten days prior to trial is reasonable. Proper notice constitutes a "description of the judgment of former conviction that will enable [the accused] to find the record and make a preparation for a trial of the question whether he is the convict named therein." Proper notice also affords the defendant the opportunity to determine if the prior offenses are being correctly characterized by the State, in terms of their substance and finality, and it gives an attorney the opportunity to voir dire potential jurors on punishment issues. It is common sense to require the State to give its notice of enhancement before the commencement of proceedings, especially when there is a unitary trial.[7]

It is important to note that even under the West Virginia scheme, the defendant is entitled to adequate notice before the jury

---

7. *Id.* at 140–44 Ex. A (Meyers, J., dissenting) (citations and footnotes omitted).

on punishment is chosen.[8]  Nowhere does the *Oyler* court suggest that a defendant is not entitled to adequate notice before selection of the jury that actually hears the punishment evidence.[9]  Therefore, when the *Oyler* court held,

> Nevertheless, a defendant must receive reasonable notice and an opportunity to be heard relative to the recidivist charge even if due process does not require that notice be given prior to the trial on the substantive offense,[10]

it was not holding that a defendant must be forced to select the punishment jury before receiving notice of the enhancement allegations.  And even if it was, such is not the law in Texas.  It is well settled that both the State and the defendant are entitled to inform the jury of the range of punishment applicable to an offense, including a range that is enhanced, and to qualify the panel on the full range of punishment.[11]

Both the majority opinion in *Villescas* and the majority opinion on rehearing in this case confuse error with harm, considering what happened later in the case as determinative of whether error occurred.  When the majority opinion in *Villescas* provides that whether the notice is constitutionally adequate is the ultimate issue, what it really means is that the ultimate issue is whether the late notice harmed the defendant.  The *Villescas* court specifically stated,

> [W]hen a defendant has no defense to the enhancement allegation and has not suggested the need for a continuance in order to prepare one, notice given at the

beginning of the punishment satisfies the federal constitution. . . .

Like the defendants in *Oyler*, [Villescas] had no defense to the enhancement allegation—he stipulated to the prior conviction.  Nor did he suggest that a continuance was necessary to discover or prepare a defense, beyond the seven day continuance he had already received.[12]

Stipulating to the conviction named in an enhancement allegation or pleading true thereto demonstrates that there is no harm from late notice, not that the notice is timely.  Like the defendant in *Oyler*, defendants like Villescas and Appellant should be estopped from claiming harm when they concede the truth of the enhancement allegations, but defendants contesting the timeliness of notice who also steadfastly contest the enhancement allegations should not be subject to a standard based on such procedural default.

The majority relies on *Villescas* not for the proposition that the error in providing late notice is harmless beyond a reasonable doubt because Appellant pled true to the challenged enhancement allegation (just as Oyler pled true and Villescas stipulated to the conviction) but for the proposition that no bright-line rule is required.

As Judge Meyers implicitly points out, the majority opinion in *Villescas* has essentially created a bright-line rule at the other end of the spectrum.  Instead of the presumption that ten days is reasonable, the *Villescas* majority appears to state that notice provided anytime before pun-

---

8.  *Oyler*, 368 U.S. at 452–53, 82 S.Ct. at 504.

9.  *Id.*

10.  *Id.* at 452, 82 S.Ct. at 504.

11.  *See, e.g., Martinez v. State*, 588 S.W.2d 954, 956 (Tex.Crim.App. [Panel Op.] 1979); *Bevill*

*v. State*, 573 S.W.2d 781, 783 (Tex.Crim.App. 1978) (op. on reh'g).

12.  *Villescas*, 189 S.W.3d at 294–95 (footnotes omitted).

ishment is reasonable.[13] Such a rule violates a criminal defendant's right to voir dire a jury on the complete range of punishment.[14]

Consequently, I implore the Texas Court of Criminal Appeals to revisit this issue and hold that an enhancement notice that affects the range of punishment is a de facto amendment of the indictment.[15] Because article 28.10(a) of the Texas Code of Criminal Procedure requires a minimum of ten days' notice for an amendment to an indictment,[16] the Texas Court of Criminal Appeals should hold that a minimum of ten days' notice is also required when the State files a separate pleading giving notice of enhancement allegations.

This bright-line rule, based on Texas precedent, benefits everyone involved. The trial judges, prosecutors, defense attorneys, and defendants of the State of Texas are entitled to know what the rules are. They are also entitled to consistency. They should not have to guess whether an enhancement notice is timely in potentially every enhanced case before them. A notice that is timely in North Texas should be timely in South Texas. A notice that is untimely in West Texas should be untimely in East Texas. The timeliness of a notice of enhancement that can increase the minimum confinement from two to twenty-five years and the maximum confinement from ten or twenty years to ninety-nine years or life must be clearly understood and consistent. It should not be left up to the best guess of an appellate court, especially in light of the fact that we make that guess only after the parties and the trial court have expended time, energy, and expense on a full trial.

If less than ten days' notice is given or if the notice is otherwise inadequate, then error has occurred. What should be evaluated on a case by case basis is the resulting harm, if any, not the error.

Notice is an issue of constitutional dimension, and both the bench and the bar need to know the rules. Because the majority opinion on rehearing holds the seven-day pretrial notice adequate solely because there is no bright-line ten-day rule, it is more notice than Villescas got, and even notice after trial began could have been adequate, without explaining why seven days' notice is reasonable in this specific case, I must respectfully dissent. Nevertheless, for reasons explained above, I agree that the case should be affirmed.

13. *Pena*, 191 S.W.3d at 142 Ex. A (Meyers, J., dissenting).

14. *See, e.g., Martinez*, 588 S.W.2d at 956; *Bevill*, 573 S.W.2d at 783.

15. *See Hackett v. State*, 160 S.W.3d 588, 591 (Tex.App.-Waco 2005, pet. ref'd) (holding same).

