**AFFIRMED and Opinion Filed June 7, 2024**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-23-00834-CR**

**STARSKY HOLMES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 422nd Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 22-50175-422F**

## MEMORANDUM OPINION

Before Justices Smith, Miskel, and Breedlove
Opinion by Justice Breedlove

Appellant Starsky Holmes was convicted of aggravated assault with a deadly weapon after a jury trial and sentenced to 42 years in prison. In three issues, appellant asserts that the trial court erred by: (1) commenting on appellant's status as a repeat offender; (2) permitting the State to inform the venire panel about the punishment range for repeat offenders; and (3) submitting an incorrect and incomplete jury instruction on parole law. We affirm the trial court's judgment.

# BACKGROUND[1]

Ethan Womble openly flirted with Keroneshia Jackson in front of the father of her children at a party where both were intoxicated. Appellant, a family friend of Jackson's, arrived at the party, and the father of Jackson's children confronted Jackson about Womble's flirting. At some point, the men at the party gathered outside while the women stayed inside. Later, Jackson heard a commotion and went outside. Jackson saw that the men were in a group with Womble on the side. Jackson heard from the others that Womble had been making racist comments, and the group scattered. Jackson went back inside for a while, before returning outdoors. When she stepped out her front door, Jackson saw appellant run up and hit Womble with a gun. When appellant struck Womble with the gun, it went off. Womble fell to the ground, and Jackson believed he had been shot and was dead because of how he fell. Jackson's brother took Womble to the hospital where he was treated for a fractured jaw.

Appellant was indicted for aggravated assault with a deadly weapon and pled not guilty. He was tried before a jury, which found appellant guilty, and sentenced to 42 years in prison. This appeal followed.

---

[1] The facts of the case are known to the parties—therefore, we include only those facts necessary for context. *See* TEX. R. APP. P. 47.1.

DISCUSSION

**Issue 1: Trial Court Comments During Voir Dire**

We first address appellant's assertion that the trial court erred by commenting on appellant's status as a repeat offender. During voir dire, the State informed the panel that appellant was charged with aggravated assault with a deadly weapon. The State explained that the charge was a second-degree felony punishable between two years and twenty years in prison, and that this charge coupled with a prior felony proven by the State increases the punishment range. Defense counsel requested to approach the bench and a discussion took place off the record. Following the bench conference, the trial court provided clarification to the jury regarding why the State was addressing punishment ranges during voir dire. Appellant argues that during the judge's comments, the trial judge implied that appellant was a repeat offender by instructing the jury that "the range of punishment *in this case* is anywhere from two years as the minimum all the way up to 99 years or life" (emphasis added).

When prior convictions are alleged for purposes of enhancement, the enhancement paragraphs may not be read to the jury until the punishment phase of the trial. TEX. CODE CRIM. PROC. ANN. art. 36.01(a)(1). Both the State and the defendant may qualify the jury panel on the punishment range applicable to an offense which contains enhancement paragraphs. *Bevill v. State*, 573 S.W.2d 781, 783 (Tex. Crim. App. 1978) (en banc). In so qualifying a jury panel, neither party may mention the specific allegations contained in the enhancement paragraphs but

must use only hypothetical terms. *See Frausto v. State*, 642 S.W.2d 506, 509 (Tex. Crim. App. [Panel. Op.] 1982).

Appellant never asked the trial court to clarify its statements to the jury or objected to the court's statements. *See* TEX. R. APP. P. 33.1(a) (requiring a timely request, objection, or motion to preserve a complaint for appellate review). Appellant does not address whether this type of error can be raised for the first time on appeal; he only argues that this issue is a "constitutional error," and that, as such, it is automatically subject to a harmless error review. The Texas Court of Criminal Appeals has rejected any common law "fundamental error" exception to the rules of error preservation based upon harm. *See Proenza v. State*, 541 S.W.3d 786, 796 (Tex. Crim. App. 2017) (citing *Marin v. State*, 851 S.W.2d 275, 280 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997)). Instead, the question of error preservation turns upon the "nature" of the right allegedly infringed. *Id.*

Under *Marin*, there are three categories of rights: (1) absolute systemic requirements; (2) rights of litigants which must be implemented unless expressly waived; and (3) rights of litigants which are to be implemented upon request. *Id.* at 279; *see also Jacobs v. State*, No. 05-22-00248-CR, 2023 WL 5621672, at *2–3 (Tex. App.—Dallas Aug. 31, 2023, no pet. h.) (mem. op., not designated for publication) (detailing *Marin*'s categories and preservation requirements). Only the first two categories of errors may be raised for the first time on appeal. *See Proenza*

–4–

*v. State*, 541 S.W.3d 786, 798 (Tex. Crim. App. 2017) (citing *Marin*, 851 S.W.2d at 280). In *Proenza*, the court of criminal appeals concluded that a complaint a trial judge's comments to a witness violated Code of Criminal Procedure article 38.05 was "at least" a waivable-only right under *Marin* and, therefore, may be raised for the first time on appeal. 541 S.W.3d at 801. We conclude that, because the record does not reflect that appellant plainly, freely, and intelligently waived his right to the trial judge's compliance with article 38.05, his claim has not been forfeited and may be raised for the first time on appeal. *See id*.; see also *Skinner v. State*, No. 05-17-00153-CR, 2018 WL 3545023, at *3 (Tex. App.—Dallas July 24, 2018, pet. ref'd).

A trial judge must not comment on the evidence in a manner that conveys his opinion of the case to the jury as "[j]urors are prone to seize with alacrity upon any conduct or language of the trial judge which they may interpret as shedding light upon his view of the weight of the evidence, or the merits of the issues involved." *Brown v. State*, 122 S.W.3d 794, 798 (Tex. Crim. App. 2003) (quoting *Lagrone v. State*, 209 S.W. 411, 415 (Tex. Crim. App. 1919)). A trial judge improperly comments on the weight of the evidence if he makes a statement that implies approval of the State's argument, indicates disbelief in the defense's position, or diminishes the credibility of the defense's approach to the case. *Clark v. State*, 878 S.W.2d 224, 226 (Tex. App.—Dallas 1994, no pet.); *Nguyen v. State*, 506 S.W.3d 69, 83 (Tex. App.—Texarkana 2016, pet. ref'd). To constitute reversible error in violation of article 38.05, the comment in question must be such that it is reasonably

calculated to benefit the State or prejudice the defendant's rights. *Marks v. State*, 617 S.W.2d 250, 252 (Tex. Crim. App. [Panel Op.] 1981); *see also Clark*, 878 S.W.2d at 226.

Appellant relies on *Clark v. State* to support his contention that the trial court's comments were reversible error. Appellant contends the trial court went beyond the permissible boundary of hypothetically informing the jury on the range of punishment. We disagree. In *Clark*, the trial court stated that the allegations in the enhancement paragraphs meant that the defendant had been previously convicted of two felony offenses. *Clark*, 878 S.W.2d at 225. The trial court's statements were an improper comment on the evidence's weight and violated article 38.05 of the code of criminal procedure. *Id.* at 226.

The trial court told the jury that "the minimum range of punishment in this case is anywhere from two years as the minimum all the way up to 99 years or life." Taken alone, we agree with appellant that this statement likely extended beyond the permissible boundary of hypothetically informing the jury on the range of punishment. However, the context in which this statement was made alleviates the concerns expressed in *Clark*: the trial court prefaced its remarks by saying that "generally we just give the ranges of punishment," and that "there have been no facts alleged related to this defendant." See *Frausto*, 642 S.W.2d at 509. The trial court never stated that appellant had been convicted of the offenses alleged in the enhancement paragraphs. The trial court could qualify the jury panel on the

punishment range applicable to an offense that is enhanced by previous convictions. *See Bevill*, 573 S.W.2d at 783. Because the trial court phrased its comments hypothetically, we conclude the trial court did not err. We overrule appellant's first issue.

**Issue 2: State's Comments During Voir Dire**

Having concluded that the trial court did not err in commenting on the range of possible punishments in appellant's case, we turn to appellant's second issue. In this issue, appellant argues that the trial court erred when it permitted the State to inform the venire panel about the punishment range for repeat offenders, denying appellant of an impartial jury. *See Frausto*, 642 S.W.2d at 509. As with issue one, appellant did not preserve this issue by timely motion or objection.[2] Therefore, the first question we must answer is whether by failing to properly preserve this issue, appellant has waived it.

As discussed in more depth above, under *Marin*, there are three categories of rights: (1) absolute systemic requirements; (2) rights of litigants which must be implemented unless expressly waived; and (3) rights of litigants which are to be implemented upon request. *Marin*, 851 S.W.2d at 279; *see also Jacobs*, 2023 WL

---

[2] Appellant's brief notes that immediately after the allegedly improper comments from the State, defendant's counsel requested a bench conference at which, presumably, defendant objected to the State's comments. However, the contents of the bench conference are not included in the record, nor was any objection re-urged once counsel went back on the record. Therefore, we cannot speculate as to the contents of defense counsel's objection, if any, and must treat the issue as if it had not been preserved. *See* TEX. R. APP. P. 33.1(a).

5621672, at *2–3. Only the first two categories of errors, may be raised for the first time on appeal. *See Proenza*, 541 S.W.3d at 798 (citing *Marin*, 851 S.W.2d at 280). Therefore, appellant's second issue must implicate a "systemic" right or a "waivable-only" right in order to be raised for the first time on appeal.

Appellant does not cite any cases in which similar voir dire statements were held to rise to the level of structural or fundamental error. To the contrary, a defendant's failure to object to improper voir dire statements has been held to waive the complaint on appeal. *See Beltran v. State*, 99 S.W.3d 807, 812 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd); *Dowdy v. State*, No. 03-01-00571-CR, 2002 WL 1987642, at *2 (Tex. App.—Austin Aug. 30, 2002, no pet.); *Campos v. State*, 946 S.W.2d 414, 416–18 (Tex. App.—Houston [14th Dist.] 1997, no pet.) (holding failure to object to improper prosecutorial statement waives error); *Jenkins v. State*, 870 S.W.2d 626, 629 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd); *Draughon v. State*, 831 S.W.2d 331, 336–37 (Tex. Crim. App. 1992); *Boyd v. State*, 811 S.W.2d 105, 113 (Tex. Crim. App. 1991). Having reviewed the record in its entirety, we do not believe that the prosecutor's statement rose to the level of structural or fundamental error. *See Dowdy*, 2002 WL 1987642, at *2; *Draughon*, 831 S.W.2d at 336–37; *Boyd*, 811 S.W.2d at 113; *Jenkins*, 870 S.W.2d at 629. Thus, an objection was necessary to preserve appellant's complaint on appeal. No such objection having been raised, appellant has waived his complaint on appeal. TEX. R. APP. P. 33.1(a). We overrule appellant's second issue.

**Issue 3: Jury Instruction on Parole Law**

We turn to appellant's final issue. In this issue, appellant argues that the trial court erred in submitting an incorrect and incomplete jury instruction on parole law. In reviewing jury-charge error, we first determine whether error exists. *Price v. State*, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g)); *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005) (internal citations omitted). If we find error, we must then determine whether the error caused sufficient harm to require reversal. *Ngo*, 175 S.W.3d at 743. The standard of review differs depending on whether the defendant made a timely objection at trial. *Jordan v. State*, 593 S.W.3d 340, 346 (Tex. Crim. App. 2020) (citing *Almanza*, 686 S.W.2d at 171). If the error was the subject of a timely objection, reversal is required if there is some harm to the defendant as a result of the error. *Id.* (citing *Almanza*, 686 S.W.2d at 171); TEX. CODE CRIM. PROC. ANN. art. 36.19. If no proper objection was made at trial, reversal is required only if the error is so egregious that the defendant was denied a fair and impartial trial. *Id.* It is undisputed that appellant did not make a proper objection in this case.

The trial court's charge on punishment states:

Under the law applicable to this case, the defendant, if sentenced to a term of imprisonment, may earn time off the period of incarceration imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and

attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.

**It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.**

(emphasis added.). The code of criminal procedure provides:

The length of time for which a defendant is imprisoned may be reduced by the award of parole.

Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, **may earn early parole eligibility through the award of good conduct time**. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.
...
**It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.**

TEX. CODE CRIM. PROC. ANN. art. 37.07 (emphasis added).

Appellant asserts the charge error had the potential of influencing the jury to assess a greater sentence, requiring reversal. We disagree.

At punishment, the State admitted a penitentiary packet from the Texas Department of Criminal Justice that contained judgments from appellant's prior convictions for aggravated assault with a deadly weapon, unlawful possession of a firearm by a felon, and evading arrest and detention with a vehicle. The State's fingerprint expert testified that the fingerprints and personal information for each

prior conviction matched those of appellants. The State also put Womble on the stand who testified to the pain and fear he experienced during the altercation as well as while watching the recording of the incident for the first time. He also testified to the long-term recovery process, medical procedures, and the long-term impact of his injuries on his body, mental health, and personal life. The State presented no other evidence at punishment, but the defense called appellant's mother to testify. She testified about their relationship, appellant's relationship with his adult son, and appellant's mental health issues.

The punishment range for the offense, as enhanced, was twenty-five to ninety-nine years. After considering the evidence, the jury assessed punishment of forty-two years' confinement, on the lower end of the punishment range.

Upon reviewing the entire record and considering the relevant factors, we conclude nothing in the record shows the jury charge error affected the very basis of the case, deprived appellant of a valuable right, or vitally affected a defensive theory. The record does not show the charge error caused egregious harm; any purported harm is only theoretical. We overrule appellant's third issue.

## CONCLUSION

We affirm the trial court's judgment.

/Maricela Breedlove/
MARICELA BREEDLOVE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

230834F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

STARSKY HOLMES, Appellant

No. 05-23-00834-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 422nd Judicial District Court, Kaufman County, Texas
Trial Court Cause No. 22-50175-422-F.
Opinion delivered by Justice Breedlove. Justices Smith and Miskel participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered June 7, 2024