

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0302-24

### BRADRICK GERLMAINE TANNER, Appellant

### v.

### THE STATE OF TEXAS

### ON THE STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### JACKSON COUNTY

KELLER, P.J., delivered the opinion of the Court in which HERVEY, YEARY, and KEEL, JJ., joined. MCCLURE, J., concurred. NEWELL, J., filed a dissenting opinion in which RICHARDSON, WALKER, and SLAUGHTER, JJ., joined.

### O P I N I O N

Texas law provides that a defendant can, upon timely application before the commencement of voir dire, elect in writing to have punishment assessed by the jury. If no timely election is made, the responsibility of punishment defaults to the trial court. The question before us is whether the filing of an untimely election for punishment by jury and defense counsel's unsworn assertions at trial that his client desired punishment by jury satisfy the burden to prove that Appellant's allegation of ineffective assistance of counsel is firmly founded in the record. The court of appeals answered

yes. We disagree. Consequently, we reverse the judgment of the court of appeals and affirm the judgment of the trial court.

## I. BACKGROUND

### A. Trial

Appellant was charged with unlawful possession of a firearm by a felon. The trial court's docket sheet shows that on October 11, 2021, Appellant pled guilty to Count 1 of the indictment. The State's recommendation was four years confinement by the Texas Department of Criminal Justice. The Court accepted Appellant's plea and set sentencing for January 6, 2022. Prior to sentencing, the case was reset once more to February 17, 2022. On February 17th, the docket sheet reflects that Appellant "appeared for sentencing, but raised a question concerning punishment." The trial court withdrew Appellant's plea and set the case for jury trial.[1]

Trial counsel filed a pre-trial writ of habeas corpus. Attached to the writ was a "sworn verification for appeal" signed by trial counsel. In the verification, trial counsel stated that Appellant pled guilty and was sentenced on October 11, 2021, but then said Appellant appeared for sentencing on February 17, 2022. Trial counsel further asserted that the trial court was "not comfortable" with the plea and was "not going to accept it," after which Appellant "indicated he was not comfortable" and the case was set for trial.

Jury trial commenced without Appellant filing an election for punishment. After the State concluded voir dire, the parties and the trial court had a conversation about Appellant's election:

| | |
|---|---|
| Appellant's Counsel: | So my understanding is the election needed to be made before the jury was empaneled? |

---

[1] There is nothing—plea paperwork or reporter's transcript—from the February 17th, 2022 setting in this record.

Trial Court: Was what now?

Appellant's Counsel: Before it was empaneled.

Trial Court: The election to go to the jury has to be made before voir dire begins in writing.

\* \* \*

Appellant's Counsel: And, Your Honor, I am sorry to interrupt, but when you look at the surrounding circumstances that brought us to trial here, for punishment to be assessed by the Court really seems prejudicial to my client.

Trial Court: Here is the deal. I am not trying to say if it is or it isn't. What I am saying is the law is very, very clear on this, that you're [sic] election, should you choose to elect to go to the jury, if you don't elect it, goes to the judge. And if you want to elect, you have to file that election [sic] go to the jury before voir dire commences.

\* \* \*

Appellant's Counsel: For the record, Mr. Tanner entered a plea on his case in October 13th – October 2021. And when he came for sentencing, this judge, who was the trial judge on his case, would not allow Mr. Tanner to –

Trial Court: Well, you haven't properly stated what the facts are in this case, so I am not going to agree to that.

Appellant's Counsel: Well, I need my objection on the record. We don't have to agree.

Trial Court: No, we have to agree on what the facts are. You're stating the facts like we had a hearing or we held a deal where he pled guilty, and he hasn't.

Appellant's Counsel: He has already pled guilty. He was there for sentencing.

\* \* \*

| | |
|---|---|
| Appellant's Counsel: | All right. So on February 17th of 2022, Mr. Tanner was here to accept his punishment of four years TDC, and this Court would not accept it, for whatever reason. It was not accepted, and the record will also show that prior to him not accepting it, the Court inquired regarding the plea memorandum, the pleading to verify it was the correct range of punishment, which got us here to this trial setting, and Mr. Tanner had no intention of having the Court assess punishment, specifically based on the actions of the Court from February 17th of this year. |
| Trial Court: | And that is your statement. That is not fact certain. That's your interpretation of what everything is. I can't put on the record that he wanted to go the jury for punishment because he's never said that. Had he filed his election, it would have been a done deal. |
| | The record will stand with what the record is, not as dictated by you into the record. |

The next morning, Appellant's trial counsel filed "Defendant's Election as to Punishment" at 8:40 a.m. The document was not signed by Appellant. The document also contained typographical errors.[2] Contemporaneously, Appellant's trial counsel filed a "Motion for Recusal of Trial Judge." In the motion, trial counsel restated the facts alleged in Appellant's pre-trial writ of habeas corpus. The motion to recuse was denied.

Before closing arguments at the guilt phase of trial, the trial court addressed an allegation made by trial counsel in Appellant's motion to recuse:

| | |
|---|---|
| Trial Court: | I haven't had a chance to actually look carefully through it, but you alleged on Page 4, the last sentence you said, "The Defendant pled guilty on 10/11/21 and |

---

[2] Trial counsel described himself as the "Attorney for Michael Kelly" under the signature block and wrote that the election was being made "prior to the entry of the plea in open Court in this cause."

was sentenced to four years TDC."

That is blatantly not true. He was sentenced on 10 – as a matter of fact, sentencing was set for a later date.

Do you believe he was sentenced on that date?

Appellant's Counsel: No. He was here for sentencing on the 19th, Your Honor.

Trial Court: That isn't what you said. You said, quote, "The Defendant pled guilty on 10/11/21 and was sentenced to four years TDC."

Appellant's Counsel: Would you like me to amend that?

Trial Court: No, I would not. He's already ruled on it, but I will deal with the false statements in the second Motion to Recuse at a later date.[3]

After trial, Appellant moved for a new trial. The motion made no reference to jury election. No affidavit from the Appellant was filed.

## B. Appeal

Appellant appealed, claiming ineffective assistance of counsel. The court of appeals reversed in part and remanded the case for a new punishment trial.[4] Regarding the alleged deficiency of trial counsel's performance, the court of appeals reasoned that "counsel's failure to timely assert [Appellant's] right to have the jury assess punishment cannot be considered a strategic decision, as defense counsel's ignorance of the law deprived [Appellant] of the ability to reasonably rely on

---

[3] It is unclear if the second motion to recuse was ever filed. Appellant's trial counsel discusses the motion prior to closing arguments. However, the motion is not in the record before us.

[4] *Tanner v. State*, No. 13-22-00099-CR, 2024 WL 193722, at *5 (Tex. App.—Corpus Christi–Edinburg Jan. 18, 2024) (mem. op., not designated for publication).

defense counsel to effectuate his desires."[5]  The court of appeals focused its analysis on how "defense counsel was unaware of when to file [Appellant's] election as to punishment," holding counsel's performance "constitutionally deficient."[6] And as to the alleged prejudice suffered by Appellant, the court of appeals concluded that the "record is consistent with [Appellant's] intent not to have the trial court assess punishment" and that "there is a 'reasonable probability that the deficient performance . . . caused the waiver' of [Appellant's] right to have the jury assess punishment."[7]  We granted review.[8]

## II.  APPLICABLE LAW

### A. Ineffective Assistance

The proper standard by which we review the adequacy of representation at trial is that articulated in *Strickland v. Washington*.[9]  *Strickland* has a two step analysis.  In order to reverse a conviction for ineffective assistance of counsel, we must find that an defendant has shown: (1) counsel's performance was deficient and (2) the defendant suffered prejudice.[10]

---

[5]  *Id.* at *4.

[6]  *Id.*

[7]  *Id.* at *4–5.

[8]  The State's issue asks:

Does the filing of an untimely election for jury punishment and defense counsel's claim—rejected by the trial court—that his client desired jury punishment at some point satisfy an appellant's burden under *Swinney v. State*, 663 S.W.3d 87 (Tex. Crim. App. 2022), to show a reasonable probability that the untimely filing effectively deprived him of his desire to have jury punishment?

[9]  466 U.S. 668 (1984).

[10]  *Id.* at 694.

To show deficiency, a defendant must prove that his counsel's actions fell "below the professional norm of reasonableness."[11] A reviewing court looks at the totality of the representation and the particular circumstances of each case in evaluating effectiveness of counsel.[12] There is a strong presumption that trial counsel's conduct fell within the wide range of reasonable professional assistance.[13]

To show prejudice in the context of an ineffective-assistance claim where a specific right is lost, a defendant must show "a reasonable probability of a different decision" at the critical juncture.[14] In other words, "if the deficient performance might have caused the defendant to waive a proceeding he was otherwise entitled to, then a reasonable probability that the deficient performance caused the waiver fulfills the prejudice requirement."[15] The focus is on the defendant's decision-making.[16]

An appellant bears the burden of proving ineffectiveness by a preponderance of the evidence.[17] Failure to make the required showing on either prong of the *Strickland* analysis defeats

---

[11] *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996).

[12] *Ex parte Felton*, 815 S.W.2d 733, 735 (Tex. Crim. App. 1991).

[13] *Strickland*, 466 U.S. at 689; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

[14] *Swinney v. State*, 663 S.W.3d 87, 90 (Tex. Crim. App. 2022) (citing *Miller v. State*, 548 S.W.3d 497, 499 (Tex. Crim. App. 2018)).

[15] *Id.* (citing *United States v. Lee*, 582 U.S. 357, 365 (2017)).

[16] *Id.*

[17] *Cannon v. State*, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984).

the ineffectiveness claim.[18] "Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness."[19] This is why ineffective-assistance claims are "generally not successful on direct appeal and are more appropriately urged in a hearing on an application for a writ of habeas corpus."[20] Although the record can also be developed through a motion for new trial,[21] the record on direct appeal is "usually inadequately developed and 'cannot adequately reflect the failings of trial counsel' for an appellate court 'to fairly evaluate the merits of such a serious allegation.'"[22]

### B. Punishment Election

A criminal defendant has no constitutional right to have a jury determine punishment.[23] But a defendant does have a statutory right to elect to have the jury assess punishment in the event of a guilty verdict.[24] "The default under this provision is judge-assessed punishment, but a defendant may obtain jury punishment, at his option, where he so elects in writing before the commencement

---

[18] *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) (citing *McFarland*, 928 S.W.2d at 500).

[19] *Id.* (quoting *McFarland*, 928 S.W.2d at 500).

[20] *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011) (citing *Bone v. State*, 77 S.W.3d 828, 833 n.13 (Tex. Crim. App. 2002); *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002); *Ex parte Nailor*, 149 S.W.3d 125, 131 (Tex. Crim. App. 2004)).

[21] *See Hart v. State*, 667 S.W.3d 774, 777 (Tex. Crim. App. 2023); *Reyes v. State*, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993).

[22] *Lopez*, 343 S.W.3d at 143 (quoting *Bone*, 77 S.W.3d at 833).

[23] *Barrow v. State*, 207 S.W.3d 377, 380 (Tex. Crim. App. 2006).

[24] TEX. CODE CRIM. PROC. arts. 26.14; 37.07, § 2(b).

of the voir dire examination of the jury panel."[25] If the defendant does not follow this procedural step, the responsibility of punishment rests in the trial court. Once an election is made, the defendant can change his election only "with the consent of the attorney for the state."[26]

## III. ANALYSIS

In *Miller* and *Swinney*, we addressed ineffective-assistance claims in the context of probation eligibility. In *Miller*, the defendant waived jury trial after being erroneously advised by his trial counsel that the judge could grant probation.[27] We held that prejudice depended on whether he "would have opted for a jury" instead of waiving one and remanded the case back to the court of appeals to make that determination in the first instance.[28] In *Swinney*, trial counsel argued to the trial court that the defendant was eligible for and seeking probation.[29] While the defendant was not probation eligible, we held that, assuming trial counsel had erroneously advised his client about his eligibility for probation, the record "does not show a reasonable probability that the attorney's mistake about probation eligibility caused Appellant to waive the jury for punishment."[30] Like in *Swinney*, the record before us is inadequate to sustain Appellant's ineffective-assistance claim. The only evidence before us of Appellant's intention to elect jury punishment comes from an untimely-filed election for jury punishment and unsworn statements from his trial counsel.

---

[25] *Ex parte Pete*, 517 S.W.3d 825, 831 (Tex. Crim. App. 2017) (cleaned up).

[26] TEX. CODE CRIM. PROC. art. 37.07, § 2(b).

[27] 548 S.W.3d at 498.

[28] *Id.* at 502.

[29] 663 S.W.3d at 89.

[30] *Id.* at 92.

The SPA's petition is limited to *Strickland*'s prejudice prong, so we do not address deficient performance.[31] We disagree with the court of appeals's conclusion that Appellant suffered prejudice. It is uncontroverted that Appellant's election for jury punishment was untimely under Article 37.07. Article 37.07 requires the election to be made prior to the commencement of voir dire proceedings.[32] The first time trial counsel discussed Appellant's election was after the close of the State's voir dire. And the written election was filed the next day, after the jury had been selected and impaneled. The written election was not signed by Appellant and appeared to be copied from another unrelated case. This election does not show that Appellant desired punishment by jury. Even if it had been signed, however, it would not show Appellant's desire *at the time* the election was required—the day before, prior to the commencement of voir dire.

The court of appeals said that the "record is consistent with [Appellant's] intent not to have the trial court assess punishment."[33] But the question is not whether the record is consistent: the question is whether the prejudice suffered is "firmly founded" in the record. The court of appeals erred in using a lower burden. Here, the allegation of ineffectiveness is not "firmly founded" in the record.

---

[31] However, we note that it is doubtful that Appellant has shown that trial counsel's deficient performance is "firmly founded" on this record. *See Thompson*, 9 S.W.3d at 813. Trial counsel's decision to not make an election to the jury for punishment could very well be considered sound strategy to prevent the State from discussing the possibility of prior convictions with the jury during voir dire. *See Bevill v. State*, 573 S.W.2d 781, 783 (Tex. Crim. App. 1978) ("Where the jury may be called upon to assess punishment, both the State and the defendant have a right to qualify the jury on the full range of punishment."). However, as we are not called upon to address this issue, we do not resolve it.

[32] TEX. CODE CRIM. PROC. 37.07, § 2(b).

[33] *Tanner*, 2024 WL 193722, at *4.

Even adding trial counsel's unsworn assertions does not transform this record into one sufficient to show Appellant desired punishment by jury at the time an election was required. Appellant urges us to examine the circumstances that led to the trial, namely, the trial court's alleged bias against Appellant exhibited by its rejection of the plea bargain, its revocation of Appellant's bond, and its denial of trial counsel's motion to continue the February 2022 trial setting. But the record does not support trial counsel's assertions. The docket sheet indicates that Appellant was "uncomfortable" with the plea agreement and that the trial court allowed him to withdraw his plea—not that the trial court rejected the plea "for whatever reason," as trial counsel repeatedly asserted.[34] And the trial court repeatedly contradicted trial counsel's factual representations before, during, and after trial, saying that they were not accurate. If anything, the conflicting set of facts created between trial counsel's unsworn assertions and the trial court's repeated contradictions of those assertions makes it impossible to say that Appellant's desire for jury punishment is "firmly founded" on this record.[35] In fact, there are no statements made under penalty of perjury by Appellant in this record indicating he desired punishment by jury or told trial counsel of that desire, and there are likewise no sworn statements by trial counsel to that effect. Additional development of the record is necessary to clarify Appellant's desire regarding punishment, trial counsel's strategy, and the factual record leading to trial. Appellant has not shown "a reasonable probability of a different decision" in the context of his election for punishment.[36] Without more, this record is inadequate to sustain Appellant's ineffective assistance claim.

---

[34] *Compare* 1 CR 89, *with* 2 RR 124.

[35] *Thompson*, 9 S.W.3d at 813.

[36] *Swinney*, 663 S.W.3d at 90.

## IV.  CONCLUSION

We conclude that Appellant has not met his burden under *Strickland* to sustain his ineffective-assistance claim.  Consequently, we reverse the judgment of the court of appeals and affirm the judgment of the trial court.

Delivered: November 27, 2024
Publish